BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Proposed Attorneys for Plaintiff, Jeffrey Solomon
Simpson, as Debtor and Debtor in Possession, Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>               Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>               Plaintiff,<br><br>-  against  -<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch,<br><br>               Defendant. | Adv. Pro. No. 26-01013 (LGB) |

### DEBTOR'S LIMITED OBJECTION TO MOTION OF JARED CHASSEN FOR AN ORDER PERMITTING INTERVENTION

The limited objection ("Limited Objection") of Jeffrey Solomon Simpson (the "Debtor"),

as debtor and debtor in possession and the plaintiff herein, to the Motion (the "Motion") of Jaren

Chassen for an Order Permitting Intervention in Adversary Proceeding Pursuant to 11 U.S.C. §

4933-5446-3121 v.1

1109(b), Fed. R. Civ. P. 24, and Fed. R. Bankr. P. 7024, by his undersigned attorneys, respectfully set forth and represents:

1.   The Debtor recognizes that Jared Chassen is a creditor within the meaning of 11 U.S.C. § 101(10), because Mr. Chassen has a claim within the meaning of § 101(5)(A), which includes claims that are disputed.[1]  The Debtor further recognizes that 11 U.S.C. § 1109(b) provides that a party in interest, including a creditor, may raise and be heard on any issue in the Debtor's bankruptcy case, and that the Second Circuit case cited in the Motion, *Term Loan Holder Comm. v. Ozer Grp., L.L.C (In re Caldor Corp)*, 303 F.3d 161 (2d Cir. 2002), holds that § 1109(b) grants parties in interest a right to intervene in adversary proceedings.  As a result, the Debtor does not object in principle to Mr. Chassen's right to intervene in this adversary proceeding.

2.   The Motion, however, requests relief from the requirement in Rule 24(c) of the Federal Rules of Civil Procedure that a motion to intervene, including a motion to intervene of right, must "be accompanied by a pleading that sets out the claim or defense for which such intervention is sought."  The Debtor objects to this aspect of the Motion.  For the reasons set forth below, the requested waiver of the pleading requirement should not be granted.

3.   Rule 24(c) itself provides no authority for the waiver of its requirement.  The principal authority provided by the Motion is *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002).  *Adelphia*, however, is distinguishable because the intervenors were official committees and were on the side of the debtors in

---

[1] Among the Debtor's disputes with Mr. Chassen is his standing to have sought the appointment of the Receiver in the first instance.  For relevant background information, *see* Declaration Pursuant to Local Bankruptcy Rule 1007-2, ¶¶ 4-20, *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 3 (Bankr. S.D.N.Y. Feb. 19, 2026).

4933-5446-3121 v.1

possession.  Similarly, in *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, No. 01 Civ. 8539 (RWS), 2003 WL 22790916 (S.D.N.Y. Nov. 25, 2003), the intervenor was a future claims representative seeking to intervene on the side of the official committee asserting claims on behalf of the estate, and in *Blankenship v. Endo Int'l plc (In re Endo Int'l plc)*, Case No. 22-22549 (JLG), Adversary No. 23-07007 (JLG), 2023 WL 3260141 (Bankr. S.D.N.Y. May 4, 2023), the intervenors were an official and an ad hoc committee seeking to intervene on the side of the debtors in possession.  In the present case, Mr. Chassen is neither an official nor an ad hoc committee nor a future claims representative and is seeking intervention on the side of the defendant, the opposite side of the debtor in possession.

4.      Moreover, the Motion states in paragraph 17, "As a non-party to the Corporate Control Action,[2] the Receiver's rights and interests may diverge from the rights and interests of the Movant who is a party to the Corporate Control Action."  The invocation of a potential divergence of interests strongly suggests that a separate answer be filed.

5.      However appropriate the waiver of the requirement of a pleading may have been in the cases cited in Motion, it is respectfully submitted that a waiver of the requirement of a pleading is not appropriate in this case.  The requirement in the rule is mandatory and should be fulfilled.

WHEREFORE, the Debtor respectfully requests that the Court condition the granting of the Motion and the authorization of Mr. Chassin to intervene in this adversary proceeding upon

---

[2] The Corporate Control Action is defined as the case of Simpson v. Chassen, Index No. 158055/2023, pending in the Supreme Court of the State of New York, County of New York.  Motion ¶ 1.  Notably, the state court in the Corporate Control Action has stayed such action in its entirety, and has rejected requests to reconsider such stay, reasoning that the resolution of the disputes among the parties belongs in a single forum, specifically, this Court.

4933-5446-3121 v.1

Mr. Chassen's filing an appropriate pleading, and that the Court grant the Debtor such other and

further relief as is just.

Dated: New York, New York
     March 17, 2026

 

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255


By: /s/ Alec P. Ostrow
     Alec P. Ostrow
     aostrow@beckerglynn.com

*Proposed Attorneys for Plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession, Plaintiff*

4933-5446-3121 v.1