KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Sean C. Southard, Esq.
Brendan M. Scott, Esq.
200 W. 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000

SCHWARTZ LAW PLLC
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 460-5379

*Counsel to Jared Chassen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| JEFFREY SOLOMON SIMPSON, | : | Case No. 26-10359 (LGB) |
| Debtor. | : | |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession, | : | Adv. Pro. No. 26-01013 (LGB) |
| Plaintiff, | : | |
| v. | : | |
| ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, | : | |
| Defendant. | : | |

**REPLY OF JARED CHASSEN TO DEBTOR'S LIMITED OBJECTION TO MOTION
OF JARED CHASSEN FOR AN ORDER PERMITTING INTERVENTION
IN ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. § 1109(b),
FED. R. CIV. P. 24, AND FED. R. BANKR. P. 7024**

Jared Chassen ("Movant"), creditor and party in interest in the above-captioned Chapter

11 case, as and for his reply (the "Reply") to the limited objection of Jeffrey Solomon Simpson

1

(the "<u>Plaintiff</u>") [ECF DE 13] (the "<u>Limited Objection</u>") to Motion for an Order Authorizing Intervention in the Adversary Proceeding Pursuant to 11 U.S.C. § 1109(b) and Fed. R. Bankr. P. 7024 [ECF DE 8] (the "<u>Motion</u>")[1], respectfully represents:

1.      Plaintiff does not dispute Movant's right to intervene in the above captioned adversary proceeding (the "<u>Adversary Proceeding</u>").  Plaintiff objects only to the waiver of the requirement under Rule 24(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") that Movant file a pleading.  Plaintiff rests his objection on the argument that Rule 24(c) of the Federal Rules provides no authority for the waiver of the requirement to file a pleading and the filing of a pleading is mandatory.  Plaintiff is wrong.

2.      Courts in the Second Circuit have routinely held that  there is flexibility in the application of the pleading requirement and that where the position of the intervenor is apparent from other filings and no prejudice would result to the opposing party, the technical requirement to file a separate pleading may be waived. *See Windsor v. United States*, 797 F. Supp. 2d 320 (2011)(Waiver of the pleading requirement is justified because proposed intervenor's position on the subject matter of the litigation is clearly articulated in its motion papers); *see also Blesch v Holder,* 2012 US Dist LEXIS 75999, at *5 (EDNY 2012)(Waiver of the pleading requirement is justified here because the proposed intervenor's position on this litigation is clearly articulated in its motion paper); *Blankenship v Endo Intl. pcl (In re Endo Intl. plc)*, 2023 Bankr LEXIS 1199, at *17 (Bankr SDNY 2023)(Requirement to file a pleading waived where movants were seeking to intervene in order to assert their rights under section 1109 of the Bankruptcy Code); *United States v Glenwood Mgt.*, 2019 US Dist LEXIS 250951, at *4 [SDNY 2019)("…courts in this district have repeatedly held that the pleading requirement may be waived when the Proposed

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

Intervenor adopts claims asserted against a defendant and such waiver does not cause prejudice to the parties); *Garcia v Berkshire Nursery & Supply Corp.*, 705 F Supp 3d 188, 191, n 1 (SDNY 2023) ("While Fed. R. Civ. P. 24(c) requires that motions to intervene be accompanied by a pleading that sets out the claim or defense for which intervention is sought, courts in this circuit have dispensed with the pleading requirement where a party seeks to intervene for a limited purpose and where their position is clearly articulated in their motion papers").

3. In the Motion, Movant indicated as follows:

14. …Movant, who is also a judgment creditor of the Debtor, seeks to intervene in the Adversary Proceeding in order to support, and supplement, as necessary, the important efforts of the Receiver, which stand to benefit and protect Movant's financial interests, and to raise and be heard on issues that are of importance to Movant as a creditor of the Debtor.

15. Movant obtained the appointment of the Receiver in the State Court pursuant to CPLR 6401, who was appointed to and maximize the value of the JJ Arch assets. Movant believes that the Receiver's efforts to maximize the value of JJ Arch and the entities it controls to be in both his and JJ Arch's best interests, while the Debtor has repeatedly attempted to disrupt and delay the Receiver, most recently through the Adversary Proceeding and the Injunction Motion. Movant believes these positions require him to participate in the Adversary Proceeding in which he has great interest in the outcome.

\*　　　　\*　　　　\*

18. Movant is prepared to work together with the Receiver where possible, including to file a joint answer or motion to dismiss the complaint as his initial pleadings in the Adversary Proceeding, if appropriate, or to answer or move independently, and for that reason, requests that the Court waive the requirement of Fed. R. Civ. P. 24(c), that Movant file a pleading.

4. In the Motion, Movant made clear that he opposes the relief sought by Plaintiff in his complaint and the Injunction Motion. He also made clear that he will work cooperatively with the Receiver with respect to the Receiver's filing of an answer or motion to dismiss Plaintiff's complaint.

5. To the extent it was unclear in the Motion that Movant opposes the relief sought by

Plaintiff, Movant's position was crystalized in the *Objection of Proposed Intervenor Defendant Jared Chassen to Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay* [ECF DE 14].

6.     It is respectfully submitted that the Court should waive the requirement that Movant file a pleading because Movant's intent to oppose the relief sought by Plaintiff has been made clear in his other filings and Plaintiff will suffer no prejudice if the Court grants the requested waiver.

**WHEREFORE**, Movant respectfully requests that this Court enter an order, substantially in the form annexed to the Motion as **Exhibit A**, granting the Motion, and granting such other and further relief as is just and appropriate.

Dated:  New York, New York
        March 20, 2026

                                        KLESTADT WINTERS JURELLER
                                        SOUTHARD & STEVENS, LLP


                                By:  */s/ Sean C. Southard*
                                     Sean C. Southard
                                     Brendan M. Scott
                                     200 W. 41st Street, 17th Floor
                                     New York, New York  10036
                                     Telephone:  (212) 972-3000
                                     ssouthard@klestadt.com
                                     bscott@klestadt.com



                                        SCHWARTZ LAW PLLC
                                        Allen Schwartz, Esq.
                                        150 Broadway, Suite 701
                                        New York, NY 10038
                                        Telephone: (347) 460-5379
                                        allen@allenschwartzlaw.com

                                        *Counsel to Jared Chassen*