SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------X

JEFFREY SIMPSON, INDIVIDUALLY AND
DERIVATIVELY, AS MANAGING MEMBER OF JJ ARCH
LLC,SUING DERIVATIVELY AS MANAGING MEMBER
OF ARCH REAL ESTATE HOLDINGS LLC,JJ ARCH LLC,

Plaintiff,

- v -

JARED CHASSEN, FIRST REPUBLIC BANK, YJ SIMCO
LLC,ARCH REAL ESTATE HOLDINGS LLC,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158055/2023 |
| **MOTION DATE** | 12/16/2024 |
| **MOTION SEQ. NO.** | 017 |

**ORDER APPOINTING
TEMPORARY RECEIVER**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 017) 994, 995, 996, 997, 998, 999, 1000, 1002, 1007, 1008, 1009, 1010, 1013, 1016, 1017, 1018, 1033, 1034, 1035, 1036, 1037, 1041, 1042, 1045, 1064, 1067, 1076, 1078, 1080, 1081, 1082, 1087, 1088, 1089, 1090, 1091, 1095, 1099, 1100, 1104, 1108, 1113, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1131, 1132, 1133, 1134, 1140, 1147, 1148, 1149, 1150, 1155, 1156, 1157, 1162, 1163, 1165, 1166, 1168, 1169, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1194, 1195, 1196, 1197, 1198, 1199, 1200, 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1223, 1224, 1225, 1226, 1227, 1228, 1229, 1230, 1231, 1232, 1233, 1234, 1235, 1236, 1237, 1238, 1239, 1240, 1241, 1242, 1243, 1244, 1245, 1246, 1247, 1248, 1249, 1250, 1251, 1252, 1253, 1254, 1255, 1256, 1257, 1258, 1259, 1260, 1261, 1262, 1263, 1264, 1265, 1266, 1267, 1268, 1269, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1291, 1292, 1295, 1296, 1315, 1318, 1319, 1320, 1346, 1347, 1348, 1349, 1350, 1351, 1358, 1359

were read on this motion for _____ Receiver _____.

WHEREAS on December 16, 2024, Jared Chassen ("Chassen") moved in this action for

an order appointing a temporary receiver pursuant to CPLR 6401 and the Court's equitable

powers over certain assets and interests (defined below) belonging to JJ Arch LLC ("JJ Arch")

(Motion Seq. No. 17); and

WHEREAS the Court held a hearing on Motion Seq. No. 17 on February 25, 2025,

February 28, 2025 and heard oral argument on March 4, 2025; and

158055/2023 SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No. 017

Page 1 of 8

1 of 8

WHEREAS on March 8, 2025, the Court issued a Decision and Order granting Motion Seq. No. 17 (NYSCEF No. 1352);

**SUFFICIENT CAUSE THEREFORE HAVING BEEN ESTABLISHED**, it is

**ORDERED,** that during the pendency of this litigation (subject to further order of the Court), Eric Huebscher, CPA, President of Huebscher & Co., having an address of 301 East 87th Street #20E, New York, New York 10128, be and hereby is appointed Receiver over: (1) JJ Arch's managerial and membership interests in the limited liability corporations known as 225 HPR LLC, 1640 Montauk LLC, 1640 Motors LLC, JJ NY 550 LLC, 146 E 89 Borrower 1 LLC, 146 E 89 Borrower 2 LLC, and 146 E 89 Borrower 3 LLC (the "JJ Arch Controlled Entities" or individually a "JJ Arch Controlled Entity"); (2) the real properties known as 225 Head of Pond Road, Water Mill, New York 11976, 550 Metropolitan Avenue, Brooklyn, New York 11211, 550 Montauk Highway, Southampton, New York 11968, and 146 E. 89th Street, New York, New York 10128, and the business known as Rêver Motors (the "JJ Arch Controlled Properties" or individually a "JJ Arch Controlled Property"); and (3) JJ Arch's bank accounts, records, and funds, the JJ Arch Controlled Entities' funds, assets, properties, records, and bank accounts, upon the Receiver executing and acknowledging in the usual form, and filing with the Clerk of this Court, a bond to the People of the State of New York in the penal sum of $50,000.00, with a duly authorized surety company as surety, or with at least two sufficient individual sureties who shall severally justify, conditioned for the faithful discharge of his or her duties and for all moneys or property of every kind received by him or her as such receiver, which bond is to be approved as to its sufficiency, form, and manner of execution and sufficiency of surety by a Justice of this Court; and it is further

**158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**
**Motion No.  017**

Page 2 of 8

2 of 8

**ORDERED**, that upon the filing of said bond so approved, the Receiver shall have complete and sole managerial authority over (1) the bank accounts, funds and records over which JJ Arch exercises control (the "Accounts"), including those belonging to the JJ Arch Controlled Entities, (2) the JJ Arch Controlled Entities in their entirety, and (3) the JJ Arch Controlled Properties in their entirety; and it is further

**ORDERED** that upon the filing of said bond so approved, the Receiver shall promptly evaluate any current offers to purchase any JJ Arch Controlled Property, and the underlying sales process that has been undertaken by JJ Arch or Jeffrey Simpson ("Simpson") to determine its adequacy, and shall decide whether to accept and thereafter effectuate the purchase offer or offers, or reject any such offer or offers; and it is further

**ORDERED** that upon the filing of said bond so approved, the Receiver shall be authorized to: (i) manage, rent, lease, sell or develop the JJ Arch Controlled Properties, and take any other steps reasonably necessary to maximize the remaining equity belonging to the JJ Arch Controlled Entities, (ii) refinance or renegotiate any of the JJ Arch Controlled Entities mortgages or loans, (iii) undertake an accounting of JJ Arch and the JJ Arch Controlled Entities and the JJ Arch Controlled Properties; (iv) prepare and file tax returns for JJ Arch and the JJ Arch Controlled Entities and the JJ Arch Controlled Properties; (v) appear in, defend or settle any foreclosure proceeding relating to the JJ Arch Controlled Entities and the JJ Arch Controlled Properties; (vi) file and prosecute Chapter 7 bankruptcy liquidation proceedings for any JJ Arch Controlled Entity or any JJ Arch Controlled Property as the Receiver deems necessary to maximize the value of any JJ Arch Controlled Entity or the remaining total equity of JJ Arch as a whole; and (vii) take such other actions or dispositions of these assets as the Receiver deems

158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL          Page 3 of 8
Motion No. 017

3 of 8

necessary to maximize the value of the JJ Arch Controlled Entities and JJ Arch Controlled Properties and to prevent waste and loss of value; and it is further

**ORDERED** that upon the filing of said bond so approved, the Receiver shall have the power and authority to do all things appropriate and necessary to carry out his obligations and authority as set forth in this Order, including without limitation commencing any legal action that may be necessary to collect, receive, protect or preserve the Accounts, the JJ Arch Controlled Entities or the JJ Arch Controlled Properties; and it is further

**ORDERED** that the appointee named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the C.P.L.R., Section 1325 of the R.P.A.P.L. and Rule 36 of the Chief Judge; and it is further

**ORDERED** that the Receiver shall not appoint an attorney, agent, appraiser, auctioneer, or accountant without prior approval of this Court, which approval may be obtained by letter application to the Court; and it is further

**ORDERED** that at least five (5) days prior to entering into any proposed contract of sale of any JJ Arch Controlled Property, or filing a Chapter 7 liquidation proceeding for any JJ Arch Controlled Entity, the Receiver shall send a letter to the Court informing the Court and the parties of the terms and details of the proposed sale or filing; and it is further

**ORDERED** that the Receiver may use the proceeds of any sale of any JJ Arch Controlled Property or any other funds collected or obtained by the Receiver to pay off the outstanding mortgage debt of another JJ Arch Controlled Property or JJ Arch Controlled Entity, prepare and file tax returns, obtain reasonably necessary insurance for another JJ Arch Controlled Property, defend or otherwise address foreclosure proceedings, and use such funds to

**158055/2023   SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**
**Motion No.  017**

Page 4 of 8

4 of 8

maximize the overall equity of JJ Arch in or from the JJ Arch Controlled Entities and JJ Arch Controlled Properties, and otherwise hold any sums remaining; and it is further

**ORDERED** that JJ Arch and Simpson (and Chassen, to the extent he possesses any of the following articles), shall immediately provide the Receiver with (1) all books and records and books of account of JJ Arch and the JJ Arch Controlled Entities, (2) an inventory of all assets belonging to the JJ Arch Controlled Entities, including a list of vehicles at, or that were at, Rever Motors, since August 16, 2023 whether titled in Simpson's name, the name of any entity controlled by Simpson, or the name of a JJ Arch Controlled Entity; (3) a list of all employees at the JJ Arch Controlled Entities or JJ Arch Controlled Properties since August 16, 2023, any payroll records for such employees, and any evidence that payroll taxes were paid for such employee(s); (4) copies of all filed tax returns for JJ Arch and the JJ Arch Controlled Entities to the extent such exist, and all tax correspondence from or to the Internal Revenue Service or any other governmental entity; (5) all banking records for JJ Arch and the JJ Arch Controlled Entities; (6) all books, logs, spreadsheets, and other documents detailing the transactions at the JJ Arch Controlled Entities and funds and assets belonging to the JJ Arch Controlled Entities; (7) keys to, or any other items, codes, or similar required to access, JJ Arch Properties, and (8) any other documents requested by the Receiver and necessary or helpful for the Receiver to fulfil his or her duties under this Order. For the avoidance of doubt, the obligations of this paragraph are required of both Simpson <u>and</u> Chassen (to the extent Chassen possesses the records and items), and the fact that one or the other of Simpson and Chassen can produce these records and items does not obviate the obligation of the other to produce the same upon request by the Receiver; and it is further

158055/2023 SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No. 017

Page 5 of 8

5 of 8

**ORDERED** that neither Simpson nor Chassen shall communicate with the Receiver except through counsel unless otherwise requested by the Receiver in writing, but in the event one or both does not have counsel, unless otherwise requested by the Receiver in writing, the pro se party may communicate via email only during business hours, copying the other party and any counsel on all such email correspondence, and shall cease doing so if the Receiver makes a written request to the pro se party that the pro se party cease such communications; and it is further

**ORDERED** that where Simpson and Chassen can agree on a course of action, such as a sale or other disposition of an asset, and do so in writing to the Receiver, the Receiver may take that course of action, unless in the Receiver's judgment that course of action is unreasonable or inadvisable; and it is further

**ORDERED** that the Receiver does not need to seek or obtain the consent of Simpson or Chassen to effectuate any of his or her duties or authorizations under this Order; and it is further

**ORDERED** that neither Simpson nor Chassen may interfere with the Receiver in exercising his or her duties; and it is further

**ORDERED** that the Receiver may, at his or her discretion, and provided there are sufficient funds, employ Simpson or Chassen, or both, to work at Rêver Motors in a non-managerial role provided that neither Simpson nor Chassen shall have anything other than viewing access to the accounts, funds, or records of Rêver Motors, and such employment will be under the supervision of the Receiver or a manager acting on behalf of the Receiver; and it is further,

**ORDERED** that in the event the Receiver chooses to employ Simpson or Chassen or both at Rêver Motors, and either wishes to take such employment, such employment shall be at

158055/2023 SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL
Motion No. 017

Page 6 of 8

6 of 8

will and each shall be compensated at an hourly rate not to exceed $25 per hour, unless the Receiver requests a higher rate of pay and such request is approved by the Court; and it is further

**ORDERED** that during the period until the Receiver posts the undertaking as required herein, Simpson shall remain enjoined from transferring, encumbering, or otherwise disposing of or dissipating JJ Arch assets (which shall include sales of real property), except for routine expenses in the ordinary course of business; and it is further

**ORDERED** that nothing herein abrogates or modifies the prior orders of this Court governing JJ Arch's interests in Arch Real Estate Holdings, LLC ("AREH"), including but not limited to the order entered at NYSCEF No. 418. For the avoidance of doubt, the Receiver shall not control JJ Arch's membership interests or consent rights in AREH, which shall remain governed by the Court's prior orders, including NYSCEF No. 418; and it is further

**ORDERED** except as modified herein or superseded by the appointment of a Receiver as provided herein, the Court's prior orders at NYSCEF No. 36, 86, 159 and 419, and the rights provided therein, remain in full force and effect unless and until the Court determines otherwise. Simpson and Chassen shall remain members of JJ Arch, unless and until the Court determines otherwise. No Company Major Decision (NYSCEF No. 36, 86, 159, 419) may be undertaken by Simpson without Chassen's prior written consent unless and until the Court determines otherwise. For the avoidance of any doubt, neither Simpson nor Chassen shall unilaterally file any bankruptcy for JJ Arch without the other's consent; it is further

**ORDERED** that upon notice to the parties, the Receiver may seek interim commission(s) and approval of Receiver's expenses (including the fees and expenses of professionals retained by Receiver in accordance with this order) on a periodic basis. Receiver is authorized to pay approved interim commissions, expenses and fees out of any funds collected by, or assets

**158055/2023  SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**                    Page 7 of 8
**Motion No. 017**

7 of 8

liquidated by, Receiver pursuant to this Order. Such fees paid by the Receiver to other professionals retained by Receiver shall not be payable out of, or deemed part of, Receiver's commissions; it is further

**ORDERED** that JJ Arch is solely responsible for any and all expenses, costs and/or fees incurred by Receiver, including fees and expenses of other professionals retained by Receiver, in connection with his receivership and performance of his duties pursuant to this Order; and it is further

**ORDERED** that the Receiver shall be compensated in accordance with relevant governing law, subject to Court approval.

IT IS SO ORDERED.

2025031116604 MCOHEN1B2AUG3E68F245DB127504A4AD28E50

_____
**3/11/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| | | | | | |
|---|---|---|---|---|---|
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158055/2023 SIMPSON, JEFFREY ET AL vs. CHASSEN, JARED ET AL**
**Motion No. 017**

Page 8 of 8

8 of 8