BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Proposed Attorneys for Plaintiff, Jeffrey Solomon
Simpson, as Debtor and Debtor in Possession, Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY SOLOMON SIMPSON, | Case No. 26-10359 (LGB) |
| Debtor. | |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession, | Adv. Pro. No. 26-01013 (LGB) |
| Plaintiff, | |
| - against - | |
| ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, | |
| Defendant. | |

**DEBTOR'S LIST OF PERSONAL PROPERTY PURSUANT TO ORDER GRANTING
IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INJUNCTIVE
RELIEF ENFORCING AND EXPANDING THE AUTOMATIC STAY**

Jeffrey Solomon Simpson (the "Debtor"), as Debtor and Debtor in Possession, by his

undersigned counsel, respectfully sets forth his List of Personal Property claimed as his pursuant

to this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive

Relief Enforcing and Expanding the Automatic Stay, dated March 25, 2026 [ECF Doc. 22] (the

4927-8127-5556 v.1

"List"), together with such documentation evidencing such ownership as the Debtor has in his possession, custody or control.

1.      The List has been compiled to the best of the Debtor's knowledge, information, and belief, following a visit by the Debtor to the premises at 1640 Montauk Highway, Water Mill, New York 11976 (the "Premises"), on April 10, 2026.  As the Debtor stated in his Declaration Pursuant to Local Bankruptcy Rule 1007-2, executed on February 19, 2026 [ECF Doc. 3 in case no. 26-10359 (LGB)] (the "Rule 1007-2 Declaration"), his access to his own documents were denied to him during the corporate controversies described in the Rule 1007-2 Declaration, and not all the documents that may be relevant to the preparation of the List have been returned to him.  As a result, the Debtor may not have all the documents necessary for the complete and accurate preparation of the List, and there may be documents outside the possession, custody, or control of the Debtor that contradict claims of ownership of which the Debtor is not currently aware.

2.      In addition, prior to the visit to the Premises, on April 9, 2026, counsel for the Debtor and Martin Bunin, Esq., counsel for the Receiver, Eric Huebscher, exchanged emails in which counsel for the Debtor requested copies of certain documents that were present at the Premises, including titles to vehicles, that were removed.  Counsel for the Receiver responded that the Receiver does not have, and at no time in the past has had in his possession (1) any certificates of title for vehicles in the name of the Debtor, or (2) any other documentation of ownership in the Debtor's name for any items, including vehicles, equipment or tools.

3.      Attached hereto as Exhibits are the following:

(a)     Exhibit A – the List.

2

(b)      Exhibit B – photos taken by Debtor at the Premises on April 10, 2026, to aid in identifying items on the List.

(c)      Exhibit C – documents evidencing ownership of items on the List, including documents of title issued to other but used by dealers as "open" titles, which are transferrable to end purchasers without being transferred intermittently to the dealer, for vehicles or their parts contained on the List, and some of which are included in emails sent to the Receiver or Mr. Bunin and others prior to the filing of the Debtor's bankruptcy case:

(i)  Email from Benjamin Robert Rajotte, then counsel for the Debtor, dated June 30, 2025;

(ii)  Email from the Debtor, dated September 11, 2025; and

(iii) Email from the Debtor, dated September 29, 2025.

(d)      Exhibit D – Agreement, dated as of August 1, 2023 (the "August 1 Agreement"), between the Debtor, YJ Simco LLC, and Jaren Chassen, pursuant to paragraph 4 of which:  "Chassen agrees to transfer titles in all vehicles under his (or a Chassen Affiliate's) name to Simpson.  Simpson hereby also agrees that, as of the Closing he will transfer title for the vehicles listed on Exhibit A to Chassen or Chassen's designee."  Because Chassen received the transfer of the vehicles listed on Exhibit A to the August 1 Agreement, the transfer to the Debtor of all vehicles under Chassen's name or the name of an affiliate of Chassen must also be recognized.

(e)      Exhibit E – an email from the Debtor, dated September 19, 2025 to Mr. Bunin, the Receiver and others, containing documents evidencing a transfer of the vehicles listed on Exhibit A to the August 1 Agreement.

4927-8127-5556 v.1

(f)        Exhibit F – a plan for 1640 Montauk LLC and related party 1640 Motors LLC, which the Debtor proposes for consideration by the Court and the parties and which contains relevant background and historical information.

(g)        Exhibit G – a letter from Bryan Gursky, dated April 23, 2026, in support of the feasibility of the plan set forth in Exhibit F.

4.        The Debtor requests that the Receiver publicly file an unedited version of the video made by the videographer of the Debtor's visit to Premises on April 10, 2025, to supplement the photos in Exhibit B.

5.        The Debtor further requests that the Receiver publicly file copies of all documents in his possession, custody or control evidencing ownership of the property on the List, whether it supports or contradicts the Debtor's claims.

6.        Finally, the Debtor requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the Debtor's *pro se* filings with respect to the Premises and the property at issue in the case of *In re YJ Simco LLC*, Case No. 25-10437 (LGB), as additional evidence of the Debtor's ownership of the items on the List.

Dated: New York, New York
April 23, 2026

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255

By: _/s/ Alec P. Ostrow_____
Alec P. Ostrow
aostrow@beckerglynn.com
*Proposed Attorneys for Plaintiff, Jeffrey Solomon
Simpson, as Debtor and Debtor in Possession*

4