FARRELL FRITZ, P.C.
Martin G. Bunin
622 Third Avenue, Suite 37200
New York, NY  10017
Telephone: (212) 687-1230

*Counsel for Eric M. Huebscher, not individually
but solely in his capacity as Receiver*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                          Chapter 11

JEFFREY SOLOMON SIMPSON,                              Case No. 26-10359 (LGB)

                                          Debtor.
------------------------------------------------------------X
JEFFREY SOLOMON SIMPSON, as Debtor          Adv. Pro. No. 26-01013 (LGB)
and Debtor in Possession,

                                          Plaintiff,

                  - against -

ERIC HUEBSCHER, as Receiver of Certain
Assets of JJ Arch,

                                          Defendant.
------------------------------------------------------------X

### DECLARATION OF ERIC M. HUEBSCHER, IN HIS CAPACITY AS RECEIVER, IN OPPOSITION TO DEBTOR'S LIST OF PERSONAL PROPERTY

Defendant Eric M. Huebscher, not individually but solely in his capacity as court-appointed receiver, hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746(a) as follows:

1. I am the temporary receiver (the "Receiver") appointed in the action entitled *Jeffrey Simpson, et al. v. Jared Chassen, et al.*, Index No.  158055/2023 (Supreme Court, County of New York: Commercial Division) (the "State Court Action").

2. I respectfully submit this declaration in opposition to the Debtor's List of Personal Property Pursuant to Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive

Relief Enforcing and Expanding the Automatic Stay (the "List Pleading") (ECF Doc. No. 31) filed by debtor and plaintiff Jeffrey Solomon Simpson (the "Debtor").

## The List Does Not Comply with the Court's Order

3.     This Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay (the "Order") requires that the Debtor identify all items located at 1640 Montauk Highway, Water Mill, New York 11976 (the "1640 Montauk Property") he claims are his personal property (Order, ¶ 4) and:

> "file on this Court's docket an itemized list (the "List") of such Personal Property which separately lists each item of Personal Property (including any identifying serial numbers and vehicle identification numbers), along with copies of documentation evidencing the Debtor's alleged ownership of such Personal Property."

Id.

4.     The List itself (Exhibit A to the List Pleading, ECF Doc. No. 31) fails to comply with the Order: The 77 items on the List do not include a single vehicle identification number ("VIN") for any of the vehicles or any other identifying characteristic for any of the equipment, tools or vehicle parts listed.  Additionally, a number of the descriptions on the List cross over the the lines of the item numbers and the numbers of the pictures, making the List somewhat confusing.

5.     57 of the 77 items on the List have no documentation, and in fact no information whatsoever evidencing the Debtor's alleged ownership.  In the column on the List headed "Notes/Info of Ownership of Debtor", the Debtor says only that each of these 57 items is "[p]art of [his] personal parts collection" or "[p]art of [his] personal parts and tool collection."  Two of the remaining items, numbers 24 and 77, simply say "Unknown" in this column.  Item 14's column on ownership simply continues the description of the undocumented property claimed.  In sum, at least 60 of the items on the List, or 78%, are not supported by any ownership documentation or information.

2

6.       Attached to this declaration as **Exhibit 1** is a spreadsheet which I prepared for the convenience of the Court.  The spreadsheet shows each item number in the Debtor's List (Exhibit A, ECF Doc. No. 31), the description of the property claimed as set forth in the List next to each number and then a column for the VIN's and a column for the proof of ownership provided. Significantly, as noted, there is neither a single VIN on the List nor any documentation, identifying characteristics or other information to establish ownership.

7.       The photos that the Debtor has submitted (Exhibit B to the List, ECF No. 31) do not evidence or demonstrate any of the Debtor's claims of ownership.  They do, however, demonstrate that the 1640 Montauk Property, which was the business premises of 1640 Motors LLC d/b/a Rêver Motors ("1640 Motors" or "Rêver Motors"), is a junkyard.

8.       The Debtor, by the List, asserts personal ownership of the vast majority of the vehicles, vehicle parts, equipment and tools at the 1640 Montauk Property are personally owned by the Debtor.  The only exceptions are several vehicle shells and items of equipment that the Debtor admits were on the 1640 Montauk Property at the time Rêver Motors acquired the 1640 Montauk Property in 2022. In several instances, during his visit to the 1640 Montauk Property, the Debtor identified parts of vehicles that were part of vehicle builds of former customers of Rêver Motors.

**Vehicle Documentation Submitted by the Debtor to the Court Appears to Be Misleading or False**

9.       <u>Certificate of title for 2011 Land Rover in the name of Tarone and Amanda Liebman with a VIN ending in 335830 (Exhibit C to the List, pp. 7-8)</u>.  This certificate of title establishes that the Liebmans sold their 2011 Land Rover to <u>1640 Motors LLC</u>, not the Debtor, on May 6, 2022.  With this certificate of title, the Debtor submitted an incomplete, unsigned New York State ("NYS") Form DTF-802 that purports to show that the Liebmans sold their 2011 Land

3

Rover to the Debtor (Exhibit C, p. 9) on the same day, May 6, 2022.  DFT-802 is a two-page form.

DTF-802:1/11:Statement of Transaction - Sale or Gift of Motor Vehicle, Trailer, All-Terrain Vehicle (ATV), Vessel (Boat), or Snowmobile:dtf802.  The second page, which is omitted from the Debtor's documentation, requires the purchaser to provide purchase price information and contains a certification for the purchaser's signature.

10.     Significantly, the Debtor has not demonstrated that the Liebmans transferred the Land Rover to the Debtor pursuant to an incomplete, unsigned Form DTF-802 since, according to their certificate of title, which is complete and signed by the Liebmans, as sellers, and Rêver Motors, as buyer, they had already sold it to Rêver Motors on the same date.  Moreover, the Debtor has submitted no evidence or documentation that he purchased this Land Rover from Rêver Motors showing how much he paid and showing that he paid the purchase price to Rêver Motors, which owned the vehicle.

11.     The 2011 Land Rover with a VIN ending in 335830 is owned by Rêver Motors.

12.     New York State ("NYS") Department of Motor Vehicles ("DMV") Vehicle Bill of Sale for a 1996 Land Rover Discovery with VIN ending in 506513 (Exhibit C, p. 10). This Vehicle Bill of Sale submitted by the Debtor purports to show that the Debtor purchased a 1996 Land Rover Discovery from Lisa Dearmas for $1,000.00 on January 19, 2025.  It is signed by the Debtor and purportedly signed by Ms. Dearmas.  I compared this Vehicle Bill of Sale with the vehicle documentation I found at Rêver Motors when I first obtained access to the 1640 Montauk Property in May 2025.  The Vehicle Bill of Sale attached to the certificate of title in my possession is for the same 1996 Land Rover Discovery with the same VIN ending in 506513. The certificate of title in my possession is dated December 30, 2024, with a sale date on the back of January 19, 2025. This Vehicle Bill of Sale in my possession evidences the vehicle's  purchase by Rêver Motors

4

from Ms. Dearmas for $1,000.00 on January 19, 2025.  The signatures of Ms. Dearmas on the Vehicle Bill of Sale and the certificate of title which I found at Rêver Motors do not appear to be in the same handwriting as the signature on the Vehicle Bill of Sale for the same vehicle included in Exhibit C.  Copies of the Vehicle Bill of Sale for the January 19, 2025 sale and the certificate of title in my possession for this vehicle which I found at Rêver Motors are attached to this declaration as **Exhibit 2**.

13.    I spoke by phone with Ms. Dearmas and her husband, Joe Macisaac, on April 28, 2026.  Mr. Macisaac informed me that the Debtor paid Ms. Dearmas the $1,000 purchase price of the 1996 Land Rover using a Zelle payment transfer at or about the time of the sale in January 2025.  The January 2025 statement for the 1640 Motors LLC business checking account at Citizens Bank is attached to this declaration as **Exhibit 3.**   The statement shows a January 21, 2025 Zelle payment of $1,000 from 1640 Motors LLC to Mr. Macisaac (Exhibit 3, at page 7 of 11 [transaction identified on statement]).  The sale date on both Vehicle Bills of Sale and the certificate of title for Ms. Dearmas' vehicle is January 19, 2025.

14.    The two Vehicle Bills of Sale for the 1996 Land Rover owned by Ms. Dearmas, the certificate of title dated December 30, 2024 and the $1,000 payment for the vehicle from the Rêver Motors business checking account establish that the Debtor filed with this Court a Vehicle Bill of Sale which appears to be false showing the sale of the vehicle to him personally when in fact the vehicle was sold to and paid for by Rêver Motors.

15.    This is not the first time that the Debtor has attempted to show ownership of this vehicle. On September 11, 2025, I received an email from the Debtor which included a Vehicle Bill of Sale for the 1996 Land Rover dated January 19, 2025, the front and back of a certificate of title for the 1996 Land Rover showing an issue date of June 15, 2025 and a NYS DMV sales and

5

title receipt for the 1996 Land Rover dated July 15, 2025 (attached to Exhibit C, pp. 33-36).  This Vehicle Bill of Sale, submitted as part of the Debtor's Exhibit C (p. 33) is the same apparently false Vehicle Bill of Sale described in paragraph 12 above (attached at page 10 of Exhibit C).  The date the certificate of title provided with the September 11, 2025 email was issued is June 15, 2025, the same date shown on the back of this title for the transfer of the vehicle from Ms. Dearmas to the Debtor.  June 15, 2025 is almost five months after Mr. Macisaac received the $1,000 payment from the Rêver Motors Citizen bank account for this vehicle. The NYS DMV sales and title receipt is dated one month after the date of the title, *i.e.*, June 15, 2025.  It is inconceivable that Ms. Dearmas would sign two certificates of title as seller for the same vehicle, dating them five months apart, and for the second to be dated five months after Rêver Motors made payment for the vehicle.  And the handwriting for Ms. Dearmas' signature on the back of the June 15, 2025 certificate of title appears quite different than the handwriting of her signature on the January 19, 2025 Vehicle Bill of Sale and the certificate of title in my possession issued December 30, 2024.

16.     The 1996 Land Rover Discovery with VIN ending in 506513 is owned by Rêver Motors.

17.     NYS Department of Motor Vehicles ("DMV") Vehicle Bill of Sale for a 1995 Land Rover Discovery with VIN ending in 150779 (Exhibit C, p. 11).  This Vehicle Bill of Sale submitted by the Debtor purports to show that the Debtor purchased a 1995 Land Rover Discovery from Heidi Rodrigues of North Dartmouth, MA for $750.00 on July 22, 2025.  It is signed by the Debtor, and purportedly by Ms. Rodrigues.  I compared this Vehicle Bill of Sale with the vehicle documentation of which I took possession at Rêver Motors when I first obtained access in May 2025.  The NYS DMV Vehicle Bill of Sale in my possession for the same 1995 Land Rover Discovery with the same VIN ending in 150779 evidences its purchase by 1640 Motors LLC from

Ms. Rodrigues on April 9, 2025 for $1,500.00.   It is signed by the Debtor and by Ms. Rodrigues. Ms. Rodrigues' signatures on the two Vehicle Bills of Sale do not appear to be in the same handwriting. A copy of the Vehicle Bill of Sale for the April 9, 2025 sale to 1640 Motors LLC is attached to this declaration as **Exhibit 4**.

18.     The April 2025 statement for the 1640 Motors LLC business checking account at Citizens Bank is attached to this declaration as **Exhibit 5.**   The statement shows an April 9, 2025 Zelle payment of $1,500 from 1640 Motors LLC to Ms. Rodrigues (Exhibit 5, at page 5 of 11). The Rêver Motors payment to Ms. Rodrigues was made on the same day shown as the sale date on the Vehicle Bill of Sale I found at the 1640 Montauk Property, and in the same amount as the price shown on said Vehicle Bill of Sale.  The Vehicle Bill of Sale for this transaction that the Debtor filed with the Court has a July 22, 2025 sale date and a different purchase price, $750.

19.     The two Vehicle Bills of Sale for the 1995 Land Rover owned by Ms. Rodrigues and the $1,500 payment for it from the Rêver Motors business checking account establish that the Debtor filed with this Court a Vehicle Bill of Sale which appears to be false showing the sale of the vehicle to him personally when in fact the vehicle was sold to and paid for by Rêver Motors.

20.     The 1995 Land Rover Discovery with VIN ending in 150779 is owned by Rêver Motors.

### Vehicle Documentation Submitted By the Debtor to the Court Is Insufficient

21.     Certificate of title for 1967 Austin Healy in the name of John Zsoldos, Jr. (Exhibit C, pp. 2-3) with a VIN ending in 04171.  The purchaser's name on this certificate of title submitted by the Debtor as well as the name of the car dealer are blank.  The Debtor has not furnished any evidence that he personally paid for the vehicle or how much he paid.  Moreover, there is no photo or other indication that there is in fact an Austin Healy vehicle on the 1640 Montauk Property.

7

There are three references to Austin Healy parts, but no reference to an Austin Healy vehicle, on the List: (a) an Austin Healy white hard top and wheels (item 2 and photo 2); (b) an Austin Healy drivetrain (item 34, and photos 28 and/or 30); and (c) "various land rover parts, engines, trans, body parts, Austin Healy and mga projects" (item 35, and photos 28 and/or 30).   There is no indication that any of the Austin Healy parts have a VIN or other identifier that would connect them with the certificate of title.

22.    Certificate of title for a Willys 1950 Jeep in the name of Mildred Knapp with a VIN ending in 10276 ( Exhibit C, pp. 4-5, 12).   The date of the sale shown on this certificate of title was left blank, and the purchaser's name is blank.  A Vehicle Bill of Sale (Id. p. 12) indicates that Mildred Knapp sold the vehicle to the Debtor in late April 2022 for $1,000.00.  Since the Debtor and Jared Chassen began operating Rêver Motors in June 2022, this vehicle, like the 2011 Land Rover purchased from the Liebmans by Rêver Motors on May 6, 2022 (see ¶9 above), may have been purchased for restoration by Rêver Motors in anticipation of its opening for business.  The Debtor has not demonstrated that he purchased the Jeep with his own funds.

23.    Sales Receipt dated August 14, 1966,  NYS Insurance Identification Card effective January 23, 1976 in the name of Joseph Kasewitch and Vehicle Bill of Sale for a 1966 MG.  The Debtor has not provided a certificate of title for the 1966 MG.  The Vehicle Bill of Sale is undated, and there is no purchase price shown.  The Debtor has not demonstrated that he purchased this MG with his own funds.[1]

---

[1] In August and early September 2025, the Debtor provided me with vehicle information for the 2011, 1995 and 1996 Land Rovers, the 1950 Willys Jeep and the 1967 Austin Healy that appear on the List and are described in this declaration.  I reviewed the information and informed the Debtor, in September 2025, that the information provided for these vehicles was insufficient to establish his personal ownership.

8

24.   The Debtor asserts that in Exhibit E to the pleading accompanying the List, in an e-mail from the Debtor to me and others on September 19, 2025, there are documents evidencing a transfer of vehicles listed in an exhibit to the August 1, 2023 Agreement between the Debtor, YJ Simco LLC and Chassen that are relevant to the Debtor's List. There are copies of two certificates of title included in Exhibit E: one for a 1983 Mercedes and one for a 1983 Porsche. The Mercedes with a VIN of 909976 was on the lot at the 1640 Montauk Property when I took a vehicle inventory on or about June 30, 2025. The Mercedes was removed from the 1640 Montauk Property after the inventory, and is no longer there. The back of the Mercedes certificate of title shows that the Debtor sold it (there is no sale date shown). The 1983 Porsche with a VIN of 160175 was not on the 1640 Montauk Property when I took inventory on or about June 30, 2025. The back of the title shows it was sold.   Neither the 1983 Mercedes nor the 1983 Porsche is part of the auction sale of the assets of Rêver Motors.

**WHEREFORE,** for the foregoing reasons, the Receiver respectfully requests that the Court enter an order rejecting the Debtor's List in its entirety, and granting such other and further relief as the Court deems just and proper.

Dated: May 4, 2026
New York, New York

_____
Eric M. Huebscher

FF\50723932.3