

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

<u>**VIA ECF**</u>                                                                          June 9, 2026

Honorable Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re:  Letter Objecting to Simpson Direct Testimony (ECF No. 47),** *Simpson v. Huebscher, et. al.***, 26-01013-lgb**

Dear Judge Beckerman:

I am co-counsel for Defendant Jared Chassen in this adversary proceeding. Mr. Chassen writes to formally object under the Federal Rules of Evidence to the admission of portions of the direct testimony offered yesterday, June 8, 2026, by Plaintiff Jeffrey Simpson at ECF No. 47 (the "<u>Declaration</u>") in connection with the limited hearing scheduled for June 10, 2026. Further, Mr. Chassen writes to formally object to Mr. Simpson's continuing attempt to have this Court rule on matters at issue in the pending action *Simpson v. Chassen*, Index No. 158055/2023 (N.Y. Co.) ("<u>State Court Action</u>") by including testimony that seeks to have this Court make factual findings regarding matters in dispute in the State Court Action, matters that Mr. Simpson is enjoined by the United States District Court from removing to this Court. *Simpson v. Chassen,* 25-CV-04004 (JAV), 2026 WL 1584643, *2 (S.D.N.Y. June 3, 2026). Finally, Mr. Chassen writes to formally object to Mr. Simpson's attempt to have this Court make factual findings on matters that are currently the subject of a pending motion to dismiss, which seeks dismissal on, inter alia, jurisdictional grounds. ECF Nos. 42-43.

### I.      Mr. Simpson's Direct Testimony Improperly Seeks to Expand the Scope of this Limited Evidentiary Hearing for an Improper Purpose

Mr. Simpson's broad-ranging testimony about his disputes with Mr. Chassen and his other adversaries in the State Court Action—submitted on the eve of what is supposed to be a limited hearing about his alleged *personal* ownership of 77 items presently located at 1640 Montauk Highway, Water Mill, New York (the "<u>Premises</u>")—improperly seeks to expand this limited hearing and to have this Court make factual findings on irrelevant matters and matters at issue in the State Court Action (or that were already decided there), a proceeding Mr. Simpson knows that he is enjoined from removing here. Indeed, the United States District Court just last

week found that allowing Mr. Simpson to remove the State Court Action to this Court would "make a mockery of the Court." *Simpson,* 2026 WL 1584643, *2 (rejecting Mr. Simpson's request for permission to remove the State Court Action to this Court and finding that "reward[ing] Simpson's repeated baseless attempts to remove the State Court Action to federal court and his repeated and frivolous efforts to delay state court proceedings" and allowing him to succeed on his "threats to file for personal bankruptcy to thwart state court jurisdiction" would "make a mockery of the Court.") (citations and quotations omitted, cleaned up). Ultimately, it recognized that rewarding Mr. Simpson's years-long quest to use the federal courts to collaterally attack the state court and its proceedings is utterly unacceptable and that "[t]his country has a firmly established tradition of comity, evincing respect for state court proceedings." *Jordan v Bailey*, 985 F Supp. 2d 431, 433 (S.D.N.Y. 2013).[1]

As Mr. Simpson himself acknowledges, the actual purpose of this hearing is limited: it is to determine whether Mr. Simpson can establish that the 77 items he claims as his and which are currently at the Premises (and listed for auction) actually belong to him ***personally***. ECF No. 47 at ¶ 52; *see also* ECF No. 22, Mar. 24, 2026 Order (ordering that the Court would schedule "an evidentiary hearing before this Court with respect to the dispute as to whether certain items on the List are property of the Debtor's estate."). That is, there is no dispute here that 1640 Montauk LLC and 1640 Motors LLC, the relevant entities under receivership, own both the Premises and the former auto business at the Premises, Rever Motors. Indeed, Mr. Simpson has sworn under penalty of perjury that Rever Motors is wholly owned by JJ Arch LLC, which he in turn has sworn is wholly owned by YJ Simco LLC. *See In re Simpson*, 26-10359-lgb (Bankr. S.D.N.Y.), ECF No. 19 at pg. 89, Schedule H Attachment.[2] Thus, while Mr. Simpson may dispute the ultimate ownership of JJ Arch, there is no dispute that JJ Arch owns both the Premises and Rever Motors. In short, ***the sole issue for this hearing is whether the 77 items located at the Premises on Mr. Simpson's List are Mr. Simpson's personal items***.

But rather than focus on the actual disputed issue that he created to cause the hearing, Mr. Simpson does not address the 77 items until page 22 of his 26-page declaration, where he asserts that his documentation evidencing his "personal ownership" of the 77 items is minimal because the items were allegedly paid for in cash. ECF 47 at ¶ 47. And at the very end of the Declaration, Mr. Simpson makes clear the reason so little of his testimony is devoted to the actual disputed

---

[1] While Mr. Simpson from the outset has sought to use this hearing for an expansive collateral attack of the state court's receivership orders, the Court limited the scope of this hearing by denying his broader requests. ECF No. 22, Mar. 24, 2026 Order. Yet, through this testimony, Mr. Simpson continues to try to use this hearing for his improper purpose of collaterally attacking the state court proceedings. Moreover, it is important to recall that Mr. Simpson manufactured any purported need for this hearing. In fact, *before it authorized the auction, the state court gave Mr. Simpson the same opportunity to visit the Premises and identify items that he claimed belonged to him personally.* NYSCEF Doc. No. 2198, Order Approving Auction (the "Sale Order"). But Mr. Simpson refused to go as part of his boycott of the State Court Action. NYSCEF Doc. No. 2221, 2222, 2223. The Receiver then sought to proceed with the auction. *See* NYSCEF Doc. Nos. 2330, 2331, 2332, 2333. The state court ordered that the auction could proceed, as Mr. Simpson had refused to visit the site to identify the items that he claimed belonged to him personally despite the state court giving him the opportunity to do so. NYSCEF Doc. No. 2335.

[2] Mr. Chassen believes Mr. Simpson has perjured himself by this testimony given his prior testimony in the JJ Arch proceeding and before the state court that YJ Simco had nothing to do with JJ Arch. *See* ECF No. 43 (detailing prior contradictory sworn testimony).

issues: he seeks to use this evidentiary hearing as a vehicle to address his grievances over the rulings made in the pending State Court Action and the disputes that led to those rulings:

> The results here are important to me beyond the specific items of personal property for one ultimate reason. What happened here illustrates the consequences of the results of my having been systematically separated from my businesses and my livelihood, as a result of various kinds of improper conduct and intentional damage to me. This situation cries out for an investigation of the conduct of the persons involved.

ECF No. 47 at ¶ 55. At his deposition last week (Mr. Chassen is awaiting receipt of the transcript), Mr. Simpson even said, to paraphrase, that the 77 items of property were worth little, and that the reason he was pursuing this evidentiary hearing was not to recover any significant value for the estate, but to seek vindication as a matter of principle.[3]

Mr. Simpson cannot hijack and expand this evidentiary hearing by inserting such testimony. He cannot have this Court make improper and immaterial factual findings about matters not at issue at this hearing and which are irrelevant to his alleged personal ownership of the 77 items on his List. Moreover, Mr. Simpson cannot use his testimony at this limited hearing to make an end-run around the anti-removal injunction or use this limited evidentiary hearing for the improper purpose of addressing his purported grievances.[4]

**II.    Mr. Chassen Objects to the Admissibility of Large Portions of Mr. Simpson's Direct Testimony Under the Federal Rules of Evidence**

Mr. Chassen objects to portions of the Declaration as inadmissible under the Federal Rules of Evidence (which are incorporated by Fed. R. Bankr. P. 9017). Specifically, Mr. Chassen objects to the testimony contained in paragraphs 2-19, 22, 27, 31-33, 35, and 44-46 as irrelevant under FRE 402. Moreover, Mr. Chassen objects under FRE 402 to paragraph 21 other than to the portion in which Mr. Simpson testifies about his current business activities.

Similarly, Mr. Chassen objects to paragraphs 36-42 as irrelevant: the items listed on Schedule A to the August 1, 2023 contract were (1) not included in the 77 items listed; (2) they are not items that the Receiver is seeking to auction, and (3) they are not located at the Premises. They are thus irrelevant to this hearing.[5] At bottom, the testimony Mr. Chassen object to does not

---

[3] There can be little doubt that the legal costs borne by Mr. Simpson's bankruptcy estate have far outweighed the value he might hope to obtain on account of this proceeding.

[4] Moreover, given the limited discovery, and the lack of notice that the scope of the hearing would be expanded to include Mr. Simpson's myriad grievances, doing so would not comport with due process.

[5] Mr. Chassen, however, does not object under FRE 402 to that portion of paragraph 42 which states "[i]n accordance with the way I directed the operation of the "op co" business, the only vehicles that were supposed to be owned by 1640 Motors LLC were the ones that I asked Next Gear Capital to finance, for which financing I signed a personal guarantee. Next Gear Capital required documentation to transfer the vehicles to 1640 Motors LLC before financing them in accordance with their security agreement."

"make it more or less probable" that Mr. Simpson owns the 77 listed items in his ***personal capacity*** and is not "of consequence in determining" his alleged ***personal ownership*** of these specific 77 items at issue in this evidentiary hearing. *See* FRE 401.[6]

Moreover, Mr. Chassen also objects to the above paragraphs separately under FRE 403 because even to the extent any of the above testimony might potentially be relevant, the probative value is substantially outweighed by the prejudice to Mr. Chassen of allowing its eve-of-hearing inclusion here and the waste of time, expense, and delay that allowing this tangential testimony will cause.

### III. Mr. Simpson's Direct Testimony Improperly Seeks to Adjudicate the August 1, 2023 Contract that is the Subject of the Pending Motion to Dismiss

Finally, Mr. Chassen objects to the inclusion of Mr. Simpson's testimony about the August 1, 2023 contract, not only because it is irrelevant to this hearing (none of the items in Schedule A are on Mr. Simpson's list of 77 items), but also because Mr. Simpson's claims regarding the August 1, 2023 contract are the subject of his amended complaint and a pending motion to dismiss, which seeks dismissal on both substantive and jurisdictional grounds. ECF Nos. 42-43. It would be improper to make factual findings about that contract at this limited hearing when that contract is the subject of Mr. Simpson's amended claims in this plenary adversary proceeding. Moreover, it would be improper and prejudicial for the Court to make factual findings about that contract while a motion to dismiss is pending.

Sincerely,

/s/_____

Allen Schwartz, Esq.

cc: counsel of record via ECF.

---

[6] Mr. Chassen also objects to testimony in paragraphs 11, 12, 13, 15, 18, 24, 30, 31, 32, 46, 51, 53 as violating FRE 802's hearsay rules. Mr. Chassen objects to testimony in paragraphs 5, 9, 12, 13, 16, 19, 35, 37, 42, 48, 49 as offering improper legal or opinion testimony in violation of FRE 701. Finally, Mr. Chassen objects to testimony in paragraphs 11, 12, 13, 24, 35, 36, and 41 as made without personal knowledge or based on speculation in violation of FRE 602.