**Hearing Date:  July 2, 2026, at 10:00 a.m.**

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson,*
*as Debtor and Debtor in Possession, Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>               Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>               Plaintiff,<br><br>-   against   -<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, and JARED CHASSEN,<br><br>               Defendants. | Adv. Pro. No. 26-01013 (LGB) |

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO**
**RECEIVER'S MOTION TO DISMISS COUNTS II-VI**
**OF AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................II

Preliminary Statement............................................................................................ 1

Statement of the Case............................................................................................. 1

Argument ............................................................................................................... 3

      I.     THE BARTON DOCTRINE DOES NOT BAR
            THE AMENDED COMPLAINT AS AGAINST
            THE RECEIVER ............................................................. 3

      II     THE ROOKER-FELDMAN DOCTRINE IN
            INAPPLICABLE ............................................................. 7

      III   THE RECEIVER'S REMAINING ARGUMENTS
            LACK MERIT ................................................................. 9

Conclusion ........................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Cases**

*Arizona v. California*,
  460 U.S. 605 (1983)................................................................................................................ 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................9-10

*Blue Dog at 399 Inc. v. BP 300 Park Ave. LLC (In re Blue Dog at 399 Inc.)*,
  540 B.R. 67 (Bankr. S.D.N.Y. 2015) ..................................................................................... 8

*Bohack Corp. v. Borden, Inc.*,
  599 F.2d 1160 (2d Cir. 1979)................................................................................................. 6

*Chase Manhattan Bank (Nat'l Ass'n) v. Third Eighty-Ninth Assocs.*
  *(In re Third Eighty-Ninth Assocs.)*, 138 B.R. 144 (S.D.N.Y 1992)....................................... 10

*Christianson v. Colt Indus. Oper. Corp.*,
  486 U.S. 800 (1988)................................................................................................................ 9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005)) ............................................................................................................. 7

*Gardner v. New Jersey*,
  329 U.S. 565 (1947)................................................................................................................ 6

*Green v. Mattingly*,
  585 F.3d 97 (2d Cir. 2009)..................................................................................................... 8

*Hoblock v. Albany Cnty. Bd. of Elections*,
  422 F.3d 77 (2d Cir. 2005)..................................................................................................... 8

*Huebscher v. Simpson (In re Simpson)*,
  Adversary No. 26-01045, ECF Doc. 1 (Bankr. S.D.N.Y. May 26, 2026) .............................. 6

*In re Gen. Growth Props., Inc.*,
  426 B.R. 71 (Bankr. S.D.N.Y. 2010)...................................................................................... 6

*Lance v. Dennis*,
  546 U.S. 459 (2006) ............................................................................................................... 7

*Lebovitz v. Scheffel (In re Lehal Realty Assocs.)*,
  101 F.3d 272 (2d Cir. 1996).............................................................................................. 5, 7

*Marshall v. Marshall*,
  547 U.S. 293 (2006)................................................................................................................ 4

*McGinty v. New York*,
  251 F.3d 84 (2d Cir. 2001)..................................................................................................... 6

*McIntyre v. China MediaExpress Holdings, Inc.*,
  113 F. Supp. 3d 789 (S.D.N.Y. 2015).................................................................................... 6

*New Yorkers for Religious Liberty, Inc. v. City of New York*,
  125 F.4th 319 (2d Cir. 2024), *cert denied sub nom. Kane v City of N.Y.*,
  146 S. Ct. 993 (2025)........................................................................................................10-11

*Queenie, Ltd. v. Nygard Int'l*,
  321 F.3d 282 (2d Cir. 2003)................................................................................................. 10

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*,
  474 B.R. 76 (S.D.N.Y. 2012).................................................................................................. 6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*,
  460 B.R. 106 (Bankr. S.D.N.Y. 2011), *aff'd on other grounds*,
  474 B.R. 76 (S.D.N.Y. 2012).................................................................................... 6
*Simpson v. Chassen*,
  Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026 ................... 8
*Simpson v. Chassen*,
  Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026) ................. 8

**Statutes**
11 U.S.C. § 101(11)(A)...................................................................................... 4
11 U.S.C. § 105(a) ........................................................................................ 10
11 U.S.C. § 106 ........................................................................................... 6
11 U.S.C. § 523(a)(6)...................................................................................... 2
11 U.S.C. § 543 ........................................................................................... 4
11 U.S.C. § 704(a)(1)...................................................................................... 5
11 U.S.C. § 1146(c) (recodified as § 1146(a) ............................................................. 5
28 U.S.C. § 959............................................................................................ 5
28 U.S.C. § 959(a) ........................................................................................ 5
28 U.S.C. § 1334(b) ....................................................................................... 4
N.Y.C.P.L.R. § 6401 ....................................................................................... 8
N.Y.C.P.L.R. § 6401(b) .................................................................................... 8


**Rules**
Fed. R. Bankr. P. 7015.................................................................................... 2
Fed. R. Bankr. P. 7018.................................................................................... 10
Fed. R. Bankr. P. 7020.................................................................................... 10
Fed. R. Civ. P. 15(a)(1)(B) .............................................................................. 2
Fed. R. Civ. P. 18........................................................................................ 10
Fed. R. Civ. P. 20........................................................................................ 10

4937-5093-0869 v.1

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of the plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession (the "Debtor") in opposition to the motion of defendant Eric Huebscher, as Receiver of Certain Assets of JJ Arch (the "Receiver") to dismiss counts II-VI of the Amended Complaint (the "Motion").

**Statement of the Case**

The Debtor commenced this adversary proceeding on February 20, 2026, the day after the petition was filed.  Originally commenced solely against the Receiver, the initial complaint contained two counts.  The first sought the enforcement of the automatic stay to enjoin the Receiver from selling property of the Debtor's estate located on the premises of Rever Motors (also known as 1640 Motors) at an auction sale scheduled for February 23, 2026.  The second count sought a separate injunction to protect the Debtor's reorganization efforts to prevent the Receiver from shutting down the business of Rever Motors to preserve the value of the land on which the business was conducted through the loss of a grandfathered nonconforming use under the zoning laws.  The filing of the initial complaint was accompanied by a motion for preliminary injunctive relief to enforce and expand the automatic stay.  A major snowstorm resulting in the delaying of the auction sale until April 6, 2026, and obviated the need for immediate injunctive relief.

Before the injunction motion was heard, Jared Chassen successfully moved to intervene. An order granting Mr. Chassen's intervention motion was entered on March 24, 2026 [ECF Doc. 21].  Both the Receiver and Mr. Chassen opposed the Debtor's motion for injunctive relief, arguing for the enforcement of orders entered by the New York State Supreme Court favoring

the Receiver.  On March 25, 2026, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay (the "Injunction Order") [ECF Doc. 22].   In the Court's ruling, the Court determined, among other things, that the *Rooker-Feldman* doctrine did not apply.  The Injunction Order stayed the Receiver's auction sale pending a determination by this Court of which items of property on the premises of Rever Motors are property of the Debtor's estate, and including a provision an evidentiary hearing, if necessary.  A further scheduling order entered on May 7, 2026 [ECF Doc. 36], scheduled the evidentiary hearing which commenced on June 10, 2026, and is scheduled to be continued on June 29, 2026.

On May 7, 2026, the Receiver answered the original complaint [ECF Doc. 27].  The answer specifically responded to the allegations in both counts in the original complaint.  On April 28, 2026, the Debtor filed as of right[1] the Amended Complaint [ECF Doc. 33].  In addition to the two original counts, the Amended Complaint contains four new ones.  The third claim for relief seeks a declaration that Mr. Chassen had no standing to seek a receiver for JJ Arch.  The fourth claim for relief seeks a termination of the receivership.  The fifth claim for relief seeks and accounting by the Receiver.  The sixth claim for relief seeks alternative relief against Mr. Chassen, predicated upon a determination that a certain agreement, dated August 1, 2023, is not enforceable, and seeks a restoration of the *status quo ante.*

On May 26, 2026, the Receiver commenced adversary proceeding 26-01045 (LGB) against the Debtor, seeking a declaration that an alleged debt owed by the Debtor to the Receiver is nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).  The alleged debt arises from a contempt

---

[1] As set forth in Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, which is made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, a party may amend a pleading once as a matter of course within 21 days after the service of a responsive pleading.

2

motion in state court against the Debtor based on the Debtor's alleged failure to comply with orders entered by the state court favoring the Receiver enforcing aspects of the receivership.

On May 29, 2026, the Receiver and Mr. Chassen made separate motions to dismiss all or most of the counts in the Amended Complaint. The Receiver seeks dismissal of counts II – VI based on the Barton doctrine, the *Rooker-Feldman* doctrine, and the failure to state a claim for relief. Mr. Chassen seeks dismissal based on lack of subject matter jurisdiction, the *Colorado River* abstention doctrine, the *Wilton* abstention doctrine, lack of standing, collateral and judicial estoppel, and failure to state a claim for relief. Each such motion adopts aspects of the other. The Debtor requests that both motions be denied in all respects.

This memorandum of law addresses the Receiver's motion. For the reasons set forth herein, including the Receiver's unstated but untenable position that he is allowed to be a plaintiff in this Court but not a defendant, the Receiver's Motion should be denied.

## Argument

### I

### THE BARTON DOCTRINE DOES NOT BAR THE AMENDED COMPLAINT AS AGAINST THE RECEIVER.

The Receiver argues that the Barton Doctrine requires the dismissal of Counts II through VI of the Amended Complaint for lack of subject matter jurisdiction. This argument should be rejected for several reasons. First, if this Court is prevented from exercising subject matter jurisdiction over a claim by the estate representative against the Receiver, solely because the estate representative did not obtain the permission of the State Court, then this Court should also have been prevented from exercising subject matter jurisdiction over Count I of the Amended

3

4937-5093-0869 v.1

Complaint, which seeks the enforcement of the automatic stay.  Of course, this Court has already granted relief against the Receiver based on Count I of the original complaint, which sought the same relief, in its Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay.  Consequently, the Barton Doctrine does not bar this Court from enforcing the automatic stay against the Receiver without having permission from the State Court.

Indeed, applying the Barton Doctrine to prevent the bankruptcy court from exercising subject matter jurisdiction over a claim by the estate representative against a state court receiver would represent an uncodified exception to the jurisdiction grant in 28 U.S.C. § 1334(b), which provides original jurisdiction over "all civil proceedings arising under title 11, arising in or related to cases under title 11."  *Cf. Marshall v. Marshall*, 547 U.S. 293, 308-09 (2006) (based on the Court's construction of the probate exception, the Court determined that it did not need to "consider in this case whether there exists any uncodified probate exception to federal bankruptcy jurisdiction under § 1334").  If there is an uncodified Barton doctrine exception to 28 U.S.C. § 1334(b) applicable to claims against state court receivers, then such uncodified exception would not only prevent the bankruptcy court from enforcing the automatic stay against a state court receiver, but would render 11 U.S.C. § 543, turnover of property by a custodian,[2] unenforceable in bankruptcy court.  This can hardly be the intention of Congress in revising the Bankruptcy Code and its related jurisdictional provisions.

---

[2] The definition of "custodian" includes a state court receiver.  11 U.S.C. § 101(11)(A).

4

4937-5093-0869 v.1

Second, even if the Barton Doctrine is applicable, it is subject to the exception provided by 28 U.S.C. § 959, which is entitled "Trustees and receivers suable; management; State laws," and subsection (a) of which provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

Although the Second Circuit has construed this provision not to apply to liquidating trustees because they are not "carrying on business," *Lebovitz v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir. 1996);[3] this principle does not apply to the Receiver, who was authorized in the Order Appointing Temporary Receiver, among other things, to "(i) manage, rent, lease, sell or develop the JJ Arch Controlled Properties, and take any other steps reasonably necessary to maximize the remaining equity belonging to the JJ Arch Controlled Entities." The Receiver's authority was not limited to administrative and liquidation activities, and was not limited to Rever Motors. The Receiver is therefore not a state court analog to a chapter 7 trustee, who is statutorily directed to liquidate, 11 U.S.C. § 704(a)(1). Therefore, the Receiver may be sued with respect to his acts or transactions in carrying on business connected with the properties subject to his receivership. 28 U.S.C. § 959(a).

---

[3] Although *Lehal Realty* involved a chapter 11 trustee, the case clearly concerned only administrative and liquidation activities. The trustee had sold the estate's only significant asset, real property, pursuant to a confirmed chapter 11 plan, and thereafter initially sought to use the exemption from the imposition of a stamp or similar tax under then § 1146(c) (now § 1146(a)) to seek a refund of gains tax, but then abandoned his administrative appeal and closed the bankruptcy case. A partner in the debtor then sued the trustee for breach of fiduciary duty for having abandoned the tax appeal. The Second Circuit determined that because the trustee was engaging solely in administrative and liquidation activities, § 959(a) was inapplicable, and the suit was blocked by the Barton Doctrine.

4937-5093-0869 v.1

Third, even if the Receiver had a jurisdictional immunity from suit by virtue of the Barton Doctrine, he waived it by suing the Debtor in this Court. *See* Complaint, *Huebscher v. Simpson (In re Simpson)*, Adversary No. 26-01045, ECF Doc. 1 (Bankr. S.D.N.Y. May 26, 2026). Just as a state waives sovereign immunity, a jurisdictional defense,[4] by filing a claim in a bankruptcy case, *Gardner v. New Jersey*, 329 U.S. 565, 573-74 (1947) (decided prior to enactment of 11 U.S.C. § 106); the Receiver waived whatever jurisdictional immunity he had from suit by commencing a suit against the Debtor in this bankruptcy case. Significantly, the Receiver's complaint against the Debtor also concerns Rever Motors. Just as a chapter 11 debtor cannot institute litigation outside the bankruptcy court and then attempt to use the automatic stay to seek relief from the burdens of such non-bankruptcy court litigation, *see Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1168 (2d Cir. 1979) (Bankruptcy Act case); the Receiver cannot institute bankruptcy court litigation and then claim Barton Doctrine immunity from bankruptcy court litigation.

Finally, to the extent the Barton Doctrine is applicable, when dealing with a state court receiver, as opposed to a bankruptcy fiduciary or federal court receiver,[5] the doctrine should be

---

[4] *McGinty v. New York*, 251 F.3d 84, 89-90 (2d Cir. 2001) (state sovereign immunity deprives a federal court of subject matter jurisdiction).

[5] The Receiver relies extensively on *McIntyre v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 789 (S.D.N.Y. 2015). But this case concerned a federal court receiver, and relied heavily on the extension of the Barton doctrine in bankruptcy cases. In particular, in stating that the Barton doctrine applies to declaratory judgment actions, *McIntyre* cites *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 460 B.R. 106, 116 (Bankr. S.D.N.Y. 2011) (hereafter *Madoff*), *aff'd on other grounds*, 474 B.R. 76 (S.D.N.Y. 2012). In *Madoff*, when two entities that had been sued by the Madoff trustee in an avoidance action filed a separate suit in the Cayman Islands for a declaration that they were not liable, Judge Lifland held that the Cayman Island suit was barred, not only by the automatic stay, specific stay orders, and provisions of the Securities Investors Protection Act (SIPA), but also by the Barton doctrine. *Id.* at 113-16. The district court affirmed solely on the basis of the automatic stay, and did not consider the specific stay orders, SIPA, or the Barton Doctrine. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 474 B.R. 76, 87 (S.D.N.Y. 2012). *Madoff*, in turn, relied on *In re Gen. Growth Props., Inc.*, 426 B.R. 71, 74 (Bankr. S.D.N.Y. 2010), which held that the Barton doctrine could be invoked by the members of the board of directors of the debtor in possession who were sued in state court for injunctive relief based on an alleged breach of fiduciary duty to prevent their authorizing the debtor in possession from entering into agreements in connection with the estate assets.

6

limited to its purpose, as set forth by the Supreme Court, avoiding the imposition of personal liability.  *Barton*, 104 U.S. at 136-37; *Lehal Realty*, 101 F.3d at 276.  None of the counts in the Amended Complaint seeks to impose personal liability on the Receiver.

For all these reasons, the Receiver's argument that this Court lacks subject matter jurisdiction because of the Barton Doctrine must be rejected.

## II

## **THE ROOKER-FELDMAN DOCTRINE IN INAPPLICABLE.**

The Receiver also invokes the *Rooker-Feldman* doctrine to contend that this Court lacks subject matter jurisdiction.  This argument has been raised before unsuccessfully in this adversary proceeding in trying to avoid this Court's enjoining a sale of assets.  As before, this argument is without merit.  The *Rooker-Feldman* doctrine does not apply.

As stated by the Supreme Court, "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  In the Second Circuit, there are four requirements for the doctrine to apply: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the

---

The bankruptcy court held that allowing the state court action to continue would allow the state court to take control over the administration of the bankruptcy case. *Id.* at 75.  Needless to say, the Amended Complaint resembles neither the Cayman Island actions in *Madoff* nor the attempt to have another court control the administration of a bankruptcy case in *General Growth Properties*.

4937-5093-0869 v.1

federal court proceedings commenced.  *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009);

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *Blue Dog at 399 Inc. v.*

*BP 300 Park Ave. LLC (In re Blue Dog at 399 Inc.)*, 540 B.R. 67, 79 (Bankr. S.D.N.Y. 2015).

Applying these requirements, there are several reasons why the doctrine does not apply.

First, the Debtor has not lost in state court.  There is no state court judgment.  No one

seriously contends that the state court action has reached its conclusion.  Moreover, there is no

final state court order concerning the Receiver, especially since the Receiver was appointed as a

"temporary receiver," pursuant to N.Y.C.P.L.R. § 6401.  Notably, subdivision (b) of that statute

provides in relevant part:  "Upon motion of the receiver or a party, powers granted to a receiver

may be extended or limited . . . ."  *Id.* § 6401(b).  Certainly no one can legitimately contend that,

if the state court action had not been stayed in its entirety, the state court itself could modify its

own order.

Significantly, however, the state court action has been stayed in its entirety.  Order,

*Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27,

2026).  Following letters from the parties that requested and opposed reconsideration of the stay,

Justice Cohen issued a court notice declining to disturb the stay, stating:

> [T]his case at this point should be included in the federal
> proceedings so that it can move forward . . . .  Maintaining related
> proceedings in a single forum (to ensure coordination and avoid
> inconsistent rulings) has long been the Courts preference in these
> interconnected matters, and at this juncture the Bankruptcy Court
> appears to be that forum.

Court Notice, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y.

Cnty. Mar. 10, 2026).  Thus, the first requirement for the applicability of the *Rooker-Feldman*

doctrine is not satisfied.

8

4937-5093-0869 v.1

Because three of the four requirements for the applicability of the *Rooker-Feldman* doctrine are lacking, the doctrine is inapplicable.  As a result, this Court does not lack subject matter jurisdiction.  Indeed, because this Court has already made such a determination, it is the law of the case.  "As most commonly defined, the doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 815-16 (1988) (cleaned up) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).   The purpose of this rule is to promote judicial finality and efficiency and protect against the unnecessary revisiting of settled issues.  *Id.* at 816.  Since the Receiver has not demonstrated a basis to reconsider the Court's prior ruling, it should be adhered to as the law of the case.

For these reasons, the Receiver's argument that the Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine, should be rejected.

## III

### <u>THE RECEIVER'S REMAINING ARGUMENTS LACK MERIT.</u>

The Receiver also seeks a dismissal of the second and sixth counts in the Amended Complaint for failure to state a claim upon which relief can be granted, and joins in Jared Chassen's motion to dismiss.  The Receiver's motion to dismiss based on his joinder of Mr. Chassen's motion should be denied for the reasons stated in the Debtor's opposition to Mr. Chassen's motion.  That sixth count does not seek relief against the Receiver is not a basis for this Court to dismiss it.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4937-5093-0869 v.1

(2007)).  There is no requirement that every count in a complaint be asserted against every defendant.  Rules 18 and 20 of the Federal Rules of Civil Procedure, made applicable by Rules 7018 and 7020 of the Federal Rules of Bankruptcy Procedure, govern the joinder of claims and parties.  The Receiver has made no argument under any of the these rules.  His motion to dismiss the sixth count should be denied.

As to the second count, the Amended Complaint satisfies the *Iqbal – Twombly* requirement by pleading factual matter, which, accepted as true, states a claim that is plausible on its face.  In particular, the shutting down of the Rever Motors business has irreparable consequences to the Debtor, because it decreases the value of the underlying real property by threatening the loss of grandfathered nonconforming use under the local zoning laws.  The Debtor has guaranteed the mortgage on such real property.  To the extent that the property sells for less than the mortgage debt, the Debtor's liabilities are increased.  To the extent that the property sells for more than the mortgage debt, the surplus value should accrue to the owner of 1640 Montauk, which is YJ Simco, 50% of which is owned by the Debtor.  This clearly demonstrates a basis for expanding the stay under 11 U.S.C. § 105(a) and *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) and *Chase Manhattan Bank (Nat'l Ass'n) v. Third Eighty-Ninth Assocs. (In re Third Eighty-Ninth Assocs.)*, 138 B.R. 144, 147 (S.D.N.Y 1992).

That this Court has denied preliminary injunctive relief on this count in its Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay does not mean that the claim fails the *Iqbal – Twombly* requirement so as to prevent the Debtor from proceeding with the count on the merits for the remainder of the adversary proceeding.  The denial of a preliminary injunction does not preclude a party from seeking relief on the merits.  *See New Yorkers for Religious Liberty, Inc. v. City of*

4937-5093-0869 v.1

*New York*, 125 F.4th 319, 327, 334-35 (2d Cir. 2024) (denial of appellants requested preliminary injunction against New York City's COVID-19 vaccination mandate did not prevent certain appellants from proceeding on certain of their claims for backpay), *cert. denied sub nom. Kane v. City of N.Y.*, 146 S. Ct. 993 (2025).  As a result, the Receiver's motion to dismiss this count should be denied as well.

### Conclusion

For all the forgoing reasons, the Debtor respectfully prays for an order denying the Receiver's motion to dismiss in all respects, and granting the Debtor such other and further relief as is just.

Dated:  New York, New York
June 22, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255

By:  */s/ Alec P. Ostrow*
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson,
as Debtor and Debtor in Possession, Plaintiff*

11

4937-5093-0869 v.1