**Hearing Date:  July 2, 2026, at 10:00 a.m.**

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI, LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson,
as Debtor and Debtor in Possession, Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>      Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>      Plaintiff,<br><br>-   against   -<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, and JARED CHASSEN,<br><br>      Defendants. | Adv. Pro. No. 26-01013 (LGB) |

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO**
**JARED CHASSEN'S MOTION TO DISMISS OR ABSTAIN**
**FROM CONSIDERING PLAINTIFF/DEBTOR'S**
**AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................II

Preliminary Statement......................................................................................................... 1

Statement of the Case.......................................................................................................... 1

Argument ............................................................................................................................. 3

I    DISMISSAL FOR LACK OF SUBJECT MATTER
     JURISDICTION OR ABSTENTION IS NOT WARRANTED ........................... 3

II   THERE IS NO REQUIREMENT TO SEEK SPECIFIC
     ENFORCEMENT OF THE AUGUST 1, 2023 AGREEMENT.
     BUT IF THERE IS, THEN THE DEBTOR SHOULD BE
     GRANTED LEAVE TO REPLEAD ................................................................... 10

III  THE DEBTOR HAS STANDING TO PURSUE THE CLAIMS
     OR RELIEF IN THE AMENDED COMPLAINT ............................................... 11

IV   NEITHER COLLATERAL ESTOPPEL NOR JUDICIAL
     ESTOPPEL BARS THE CLAIMS FOR RELIEF IN THE
     AMENDED COMPLAINT ................................................................................ 12

V    BECAUSE THE APPOINTMENT OF A RECEIVER,
     WHETHER OR NOT TEMPORARY, CAN BE
     RECONSIDERED, AND RECEIVERSHIPS CAN BE
     TERMINATED, THE COURT SHOULD REJECT THE
     ARGUMENT THAT THE AMENDED COMPLAINT CANNOT
     SEEK SUCH RELIEF ....................................................................................... 13

Conclusion ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Adelphia Recovery Tr. v. HSBC Bank USA (In re Adelphia Recovery Tr.)*,
  634 F.3d 678 (2d Cir. 2011).................................................................................... 13

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
  57 F.4th 85 (2d Cir. 2023) ........................................................................................ 8

*BPP Ill., LLC v. Royal Bank of Scotland Grp. PLC*,
  859 F.3d 188 (2d Cir. 2017)................................................................................. 12-13

*Cal. Pub. Emp. Ret. Sys. v. Worldcom, Inc.*,
  368 F.3d 86 (2d Cir. 2004)........................................................................................ 5

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995).................................................................................................. 6

*Colorado River Water Conserv. Dist. v. United States*,
  424 U.S. 800 (1976)............................................................................................... 4, 7

*CW Onset LLC v. Allied Ctr. for Special Surgery*,
  No. 2:14-CV-34 TS, 2014 WL 2462547 (D. Utah June 2, 2014)............................... 8

*Duke Power Co. v. Carolina Envtl. Study Grp.*,
  438 U.S. 59 (1978)................................................................................................... 11

*Freedman v. Giuliani*,
  No. 24-cv-06563 (LJL), 2024 WL 5239410 (S.D.N.Y. Dec. 27, 2024)..................... 8

*Harrison v. N.J. Cmty. Bank (In re Jesup & Lamont, Inc.)*,
  507 B.R. 452 (Bankr. S.D.N.Y. 2014)....................................................................... 8

*In re Joint E. & S. Dist. Asbestos  Litig. (Johns-Manville Corp.)*,
  78 F.3d 764 (2d Cir. 1996)........................................................................................ 5

*Keatheley v. Buddy Ayers Constr., Inc.*,
  No. 25-6, 2026 WL 1686028 (U.S. June 11, 2026) ................................................. 13

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)...................................................................................................... 4

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
  673 F.3d 84 (2d Cir. 2012)........................................................................................ 5

*Royal & Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*,
  466 F.3d 88 (2d Cir. 2006)........................................................................................ 5

*Ryan v. N.Y. Tel. Co.*,
  62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984).................................... 12

*Simpson v. Chassen*, Index No. 158055/2023,
  NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026) ........................................ 6

*SPV Osus Ltd. v. UBS AG*,
  882 F.3d 333 (2d Cir. 2018)...................................................................................... 9

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995).................................................................................................. 8

*Yoder v. Orthomolecular Nutrition Inst., Inc.*,
  751 F.2d 555 (2d Cir. 1985)...................................................................................... 8

4915-6833-5285 v.1

**Statutes**

11 U.S.C. § 327(a) ........................................................................................................ 7
11 U.S.C. § 327(e) ........................................................................................................ 7
11 U.S.C. § 362(a) ........................................................................................................ 5
11 U.S.C. § 523(a)(6) .................................................................................................... 2
11 U.S.C. § 1101(1) ...................................................................................................... 9
11 U.S.C. § 1107(a) ...................................................................................................... 9
28 U.S.C. § 1334(b) ...................................................................................................... 9
28 U.S.C. § 1334(c)(1) .................................................................................................. 6
28 U.S.C. § 1334(c)(2) .................................................................................................. 6
N.Y.C.P.L.R. § 6405 ................................................................................................... 13

**Rules**

Fed. R. Bankr. P. 7008 ............................................................................................... 10
Fed. R. Bankr. P. 7015 ................................................................................................. 2
Fed. R. Civ. P. 8(d) .................................................................................................... 10
Fed. R. Civ. P. 8(e) .................................................................................................... 10
Fed. R. Civ. P. 15(a)(1)(B) .......................................................................................... 2
Fed. R. Civ. P. 15(a)(2) .............................................................................................. 11

**Other Authorities**

H.R Rep. No. 95-595, at 46 (1977)................................................................................ 5
DAVID D. SIEGEL & PATRICK M. CONNERS, NEW YORK PRACTICE § 444, at 854 (6th ed. 2018). 12

4915-6833-5285 v.1

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of the plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession (the "Debtor") in opposition to the motion of defendant Jared Chassen to dismiss or abstain from considering Plaintiff/Debtor's Amended Complaint (the "Motion").

**Statement of the Case**

The Debtor commenced this adversary proceeding on February 20, 2026, the day after the petition was filed.  Originally commenced solely against the Receiver, the initial complaint contained two counts.  The first sought the enforcement of the automatic stay to enjoin the Receiver from selling property of the Debtor's estate located on the premises of Rever Motors (also known as 1640 Motors) at an auction sale scheduled for February 23, 2026.  The second count sought a separate injunction to protect the Debtor's reorganization efforts to prevent the Receiver from shutting down the business of Rever Motors to preserve the value of the land on which the business was conducted through the loss of a grandfathered nonconforming use under the zoning laws.  The filing of the initial complaint was accompanied by a motion for preliminary injunctive relief to enforce and expand the automatic stay.  A major snowstorm resulting in the delaying of the auction sale until April 6, 2026, and obviated the need for immediate injunctive relief.

Before the injunction motion was heard, Jared Chassen successfully moved to intervene. An order granting Mr. Chassen's intervention motion was entered on March 24, 2026 [ECF Doc. 21].  Both the Receiver and Mr. Chassen opposed the Debtor's motion for injunctive relief, arguing for the enforcement of orders entered by the New York State Supreme Court favoring

the Receiver.  On March 25, 2026, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Injunctive Relief Enforcing and Expanding the Automatic Stay (the "Injunction Order") [ECF Doc. 22].   In the Court's ruling, the Court determined, among other things, that the *Rooker-Feldman* doctrine did not apply.  The Injunction Order stayed the Receiver's auction sale pending a determination by this Court of which items of property on the premises of Rever Motors are property of the Debtor's estate, and including a provision an evidentiary hearing, if necessary.  A further scheduling order entered on May 7, 2026 [ECF Doc. 36], scheduled the evidentiary hearing which commenced on June 10, 2026, and is scheduled to be continued on June 29, 2026.

On May 7, 2026, the Receiver answered the original complaint [ECF Doc. 27].  The answer specifically responded to the allegations in both counts in the original complaint.  On April 28, 2026, the Debtor filed as of right[1] the Amended Complaint [ECF Doc. 33].  In addition to the two original counts, the Amended Complaint contains four new ones.  The third claim for relief seeks a declaration that Mr. Chassen had no standing to seek a receiver for JJ Arch.  The fourth claim for relief seeks a termination of the receivership.  The fifth claim for relief seeks and accounting by the Receiver.  The sixth claim for relief seeks alternative relief against Mr. Chassen, predicated upon a determination that a certain agreement, dated August 1, 2023, is not enforceable, and seeks a restoration of the *status quo ante.*

On May 26, 2026, the Receiver commenced adversary proceeding 26-01045 (LGB) against the Debtor, seeking a declaration that an alleged debt owed by the Debtor to the Receiver is nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).  The alleged debt arises from a contempt

---

[1] As set forth in Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, which is made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, a party may amend a pleading once as a matter of course within 21 days after the service of a responsive pleading.

4915-6833-5285 v.1

motion in state court against the Debtor based on the Debtor's alleged failure to comply with orders entered by the state court favoring the Receiver enforcing aspects of the receivership.

On May 29, 2026, the Receiver and Mr. Chassen made separate motions to dismiss all or most of the counts in the Amended Complaint. The Receiver seeks dismissal of counts II – VI based on the Barton doctrine, the *Rooker-Feldman* doctrine, and the failure to state a claim for relief. Mr. Chassen seeks dismissal based on lack of subject matter jurisdiction, the *Colorado River* abstention doctrine, the *Wilton* abstention doctrine, lack of standing, collateral and judicial estoppel, and failure to state a claim for relief. Each such motion adopts aspects of the other. The Debtor requests that both motions be denied in all respects.

This memorandum of law addresses Mr. Chassen's motion. For the reasons set forth herein, including the Mr. Chassen's unstated but untenable position that, while the state court action is stayed and despite this Court's having jurisdiction over the subject matter and the parties, the defendants are allowed to enforce the state court orders favoring the Receiver and the receivership, but the plaintiff is not allowed to seek relief from these orders, Mr. Chassen's Motion should be denied.

## Argument

### I

### DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION OR ABSTENTION IS NOT WARRANTED.

Mr. Chassen argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction based on several doctrines (1) *Rooker-Feldman*; (2) *Colorado River* abstention; and (3) *Wilton* abstention. None of these doctrines is applicable. Regarding the

3

4915-6833-5285 v.1

*Rooker-Feldman* doctrine, Mr. Chassen adopts the Receiver's motion's arguments. For the reasons set forth in the Debtor's memorandum of law in opposition to the Receiver's motion, the *Rooker-Feldman* doctrine is inapplicable.

Regarding *Colorado River* abstention, it is widely recognized that this abstention doctrine is to be applied only in exceptional circumstances. As the Supreme Court stated:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which the District Court may decline to exercise or postpone the exercise of jurisdiction is an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exception circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.

*Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813-14 (1976) (internal quotations and citations omitted). Indeed, as the Supreme Court clarified:

> But we emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis in original). As the Second Circuit has elaborated: "The exceptional circumstances that would support such a surrender must, of course, raise considerations which are not generally present as a result of parallel litigation, otherwise the routine would be considered exceptional, and a district court's unflagging obligation to exercise its jurisdiction would become merely a polite

4

4915-6833-5285 v.1

request." *Royal & Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93 (2d Cir.

2006).

       In nonbankruptcy cases, the court have used six factors:

> (1) whether the controversy involves a res over which one of the
> courts has assumed jurisdiction; (2) whether the federal forum is
> less inconvenient than the other for the parties; (3) whether staying
> or dismissing the federal action will avoid piecemeal litigation; (4)
> the order in which the actions were filed, and whether the
> proceedings have advanced more in one forum than in the other;
> and (5) whether the federal law provides the rule of decision; and
> (6) whether the state procedures are adequate to protect the
> plaintiff's federal rights.

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-

01 (2d Cir. 2012).  Whether these factors make sense in bankruptcy case is subject to

considerable question.  The Second Circuit did not even mention them in a domestic bankruptcy

case when it considered and rejected *Colorado River* abstention.  *In re Joint E. & S. Dist.*

*Asbestos  Litig. (Johns-Manville Corp.)*, 78 F.3d 764, 775 (2d Cir. 1996).[2]  In particular, in a

bankruptcy case, most claims against the debtor in parallel state cases are automatically stayed.

11 U.S.C. § 362(a).  As a result, there is often not a viable parallel state court case to abstain in

favor of in the absence of lifting the stay.  The imposition of the automatic stay also renders

questionable as a factor favoring abstention the order in which the actions were filed.  Indeed,

one of the purposes of the revisions of the Bankruptcy Reform Act of 1978 was to centralize

litigation in the bankruptcy court.  *Cal. Pub. Emp. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 96-

97 (2d Cir. 2004) (citing H.R. Rep. No. 95-595, at 46 (1977)). As the Supreme Court has

---

[2] In a case involving a foreign bankruptcy, the Second Circuit observed that *Colorado River* abstention involved a foreign court rather than a state court, and therefore modified the factors from *Moses H. Cone*, from which the six factors are derived, to conform to the principles of international comity.  *Royal & Sun Alliance*, 466 F.3d at 94.  This further demonstrates that the six factors used in nonbankruptcy *Colorado River* abstention cases do not fit easily into bankruptcy cases.

5

recognized, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). To the extent that Congress intended for bankruptcy courts to abstain from the comprehensive jurisdiction granted to them, Congress has enacted mandatory and permissive abstention statutes, 28 U.S.C. § 1334(c)(1)-(2), neither of which has been expressly invoked in the present case.

To the extent that the six factors are applicable, they do not favor abstention. Regarding the first factor, to the extent that the state court has assumed jurisdiction over a res, the state court has expressed its intention to relinquish that jurisdiction in favor of this Court. Following the Debtor's chapter 11 filing, Justice Cohen not only stayed the main state court action in its entirety. Order, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2363 (Sup. Ct. N.Y. Cnty. Feb. 27, 2026). Following letters from the parties that requested and opposed reconsideration of the stay, Justice Cohen issued a court notice declining to disturb the stay, stating:

> [T]his case at this point should be included in the federal proceedings so that it can move forward . . . . Maintaining related proceedings in a single forum (to ensure coordination and avoid inconsistent rulings) has long been the Courts preference in these interconnected matters, and at this juncture the Bankruptcy Court appears to be that forum.

Court Notice, *Simpson v. Chassen*, Index No. 158055/2023, NYSCEF No. 2369 (Sup. Ct. N.Y. Cnty. Mar. 10, 2026). It does not make sense for this Court to abstain in favor of a court that has expressed its preference to defer to this Court.

As to the second factor, this Court is not less inconvenient that the state court. Both courts are located in lower Manhattan. In *Colorado River*, by contrast, the Supreme Court

4915-6833-5285 v.1

emphasized the 300-mile distance of the federal district court from the state court, the locality of the water rights at issue in the state court. 424 U.S. at 820. As to the third and fourth factors, as discussed above, they stand in contrast to the bankruptcy policy of centralization of disputes in the bankruptcy court.

As to the fifth factor, state law provides the rule of decision in the additional counts, but not the original ones. Notably, regarding the sixth factor, it is significant that the Debtor was frequently *pro se* in the state court. He is not *pro se* in this Court. Notably, the engagement agreement for bankruptcy counsel provides that the scope of services is for "the preparation for and filing and prosecution of a voluntary chapter 11 case . . . and all matter relating to such chapter 11 case (the 'Engagement').[3] The Engagement does not include an undertaking to represent you . . . in any other matter." Consequently, because bankruptcy counsel was not engaged to represent the Debtor in state court, abstaining would leave the Debtor *pro se* once again,[4] and this certainly does not protect the interests of the Debtor or his estate.

The result is that this case is not appropriate for *Colorado River* abstention.

---

[3] The retention agreement is attached to the Disclosure of Compensation filed by Becker, Glynn, Muffly, Chassin & Hosinski LLP in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 24 (Bankr. S.D.N.Y. Mar. 5, 2026); which was also Exhibit B to the Application of Debtor and Debtor in Possession to Retain Becker, Glynn, Muffly, Chassin & Hosinski LLP as Counsel to Debtor and Debtor in Possession as of the Date of the Petition in *In re Simpson*, Case No. 26-10359 (LGB), ECF Doc. 29-2 (Bankr. S.D.N.Y. Mar. 20, 2026).

[4] The periodic *pro se* status of the Debtor was the result of the deprivation of insurance coverage, the circumstances of which have been previously described to this Court. *See* Debtor's Memorandum of Law in Opposition to Motion to Remand or Abstain, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB), ECF Doc. 19 (Bankr. S.D.N.Y. Apr. 23, 2026). Any counsel appearing for the Debtor and Debtor in Possession in state court would need to be retained pursuant to 11 U.S.C. § 327(a) or § 327(e). A section 327 retention for counsel who has not previously represented the Debtor requires disinterestedness. In either case, compensation arrangements for the Debtor's state court counsel would need to be reached. It is not apparent what funding is available for such counsel. This leads to the conclusion that the Debtor would likely be litigating *pro se* in state court.

4915-6833-5285 v.1

The other abstention doctrine relied on, *Wilton* abstention, pertains to declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995).[5]  In this case, only the third claim for relief seeks declaratory relief, that Mr. Chassen lacked standing to seek the appointment of a receiver.  Significantly, it is a predicate, but not the only predicate, to the fourth claim for relief, which seeks termination of the receivership.  Consequently, applying *Wilton* abstention to the third claim makes little sense, since it does not affect the fourth claim for relief, especially since all of the substantive allegations in the third claim for relief are incorporated in the fourth claims for relief.  Indeed, the allegations of the Amended Complaint should be read together as a whole. *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985); *Harrison v. N.J. Cmty. Bank (In re Jesup & Lamont, Inc.)*, 507 B.R. 452, 459 (Bankr. S.D.N.Y. 2014).

Notably, the only authorities cited by Mr. Chassen are nonbankruptcy authorities.  The Debtor's own research has not disclosed any bankruptcy cases applying *Wilton* abstention.[6]  It is respectfully submitted *Wilton* abstention in bankruptcy cases is just as questionable as *Colorado River* abstention in bankruptcy cases for the reasons discussed above.  But even if the factors considered for *Wilton* abstention are pertinent to bankruptcy cases, proceeding in federal court

---

[5] The Second Circuit uses the following factors in connection with *Wilton* abstention:  (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicate; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023); *Freedman v. Giuliani*, No. 24-cv-06563 (LJL), 2024 WL 5239410, at *11 (S.D.N.Y. Dec. 27, 2024).

[6] The Debtor's research found one case in which Wilton abstention was used to dismiss an action, but in that case, the federal district court used the doctrine to dismiss a nonbankruptcy case in favor of a case pending in bankruptcy court. *CW Onset LLC v. Allied Ctr. for Special Surgery*, No. 2:14-CV-34 TS, 2014 WL 2462547 (D. Utah June 2, 2014)

4915-6833-5285 v.1

will not cause friction with the state court when the state court has already expressed its preference to defer to this Court.

Specifically regarding the Motion's argument regarding alleged forum shopping, it should be observed that if there were a different trustee of the Debtor's estate, it could not be seriously contended that such trustee would be engaged in forum shopping. But because the Debtor filed for chapter 11, there is no different trustee. The Debtor is a debtor in possession. 11 U.S.C. § 1101(1). A debtor in possession has all of the rights, powers, functions, and duties of a trustee, except for the right to compensation. *Id.* § 1107(a). If a separate trustee could sue on the claims in the Amended Complaint, then, it is respectfully submitted that there is no good reason to abstain from count three of the Amended Complaint just because the name of the person with the rights, powers, functions, and duties of the trustee is Jeffrey Solomon Simpson. This Court has previously found that the Debtor has not engaged in improper forum shopping in its ruling on the motion by Arch Real Estate Holdings, LLC and Mr. Chassen to remand or abstain from the insurance interpleader action, which the Debtor removed to this Court, *Great Am. Ins. Co. v. Arch Real Estate Holdings, LLC (In re Simpson)*, Case No. 26-10359 (LGB), Adversary No. 26-01015 (LGB) (Bankr. S.D.N.Y. Apr. 30, 2026).

Finally, Mr. Chassen argues that this Court lacks jurisdiction over claims regarding the August 1, 2023 Agreement because it is a dispute among non-debtors. Nevertheless, the Debtor is a party to this agreement, and the issue whether it is enforceable affects "the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the administration of the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018). As a result, this controversy is clearly within the ambit of federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b).

9

4915-6833-5285 v.1

As a result, there is no basis to dismiss or abstain from the counts added by the Amended Complaint, and Mr. Chassen's motion in this regard should be denied.


## II

### THERE IS NO REQUIREMENT TO SEEK SPECIFIC ENFORCEMENT OF THE AUGUST 1, 2023 AGREEMENT.  BUT IF THERE IS, THEN <u>THE DEBTOR SHOULD BE GRANTED LEAVE TO REPLEAD.</u>

The Motion seeks dismissal of the Amended Complaint, or certain counts of it, because the Debtor has failed to seek specific performance of the August 1, 2023 Agreement.  It is true that the Amended Complaint does not seek specific performance.  That, however, is not a reason to dismiss the Amended Complaint or any of its counts.  Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, regulates federal pleading.  Rule 8(d) states in pertinent parts:

> **(2)  Alternative Statements of a Claim or Defense.**  A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> **(3)  Inconsistent Claims or Defenses.**  A party may state as many separate claims or defenses as it has, regardless of consistency.

In addition, Rule 8(e) states:  "Pleadings must be construed so as to do justice."   Because a plaintiff may plead hypothetically or inconsistently, it follows that the lack of a claim for specific performance does not render the Amended Complaint defective and susceptible to dismissal.

But if the Court finds that the failure to plead a claim for specific performance requires dismissal, then the Court should allow the correction of such infirmity by granting leave to

amend.  As stated in the applicable rule, "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

## III

## THE DEBTOR HAS STANDING TO PURSUE THE CLAIMS OR RELIEF IN THE AMENDED COMPLAINT.

The Motion seeks dismissal alleging that the Debtor lacks standing because he is pursuing claims that belong to others, such as YJ Simco.  (Point II-B).  The Motion also argues that the Debtor lacks standing to pursue vehicles belonging to 1640 Motors.  (Point II-D).  But when someone seeks to redress his own injuries, he pursues his own claims.  *Duke Power Co. v. Carolina Envtl. Study Grp.*, 438 U.S. 59, 80-81 (1978) ("Where a party champions his own rights, and where the injury alleged is a concrete and particularized one which will be prevented or redressed by the relief requested, the basic practical and prudential concerns underlying the standing doctrine are generally satisfied when the constitutional requisites are met.").

As to the claims concerning the automobiles, the August 1, 2023 Agreement provides in Section 4, "Simpson hereby also agrees that, as of the Closing, he will transfer title for the vehicles listed on Exhibit A to Chassen or Chassen's designee."  As a result, the Debtor is pursuing a claim for vehicles stated to have belonged to him.  He is therefore pursuing his own claims for which he has standing.

As to the claims regarding the receivership itself, the Debtor personally has suffered injuries from the receivership, including being personally barred from the premises, being personally commended to perform certain acts, and being subjected to civil and criminal contempt proceedings for failing to obey court orders.  Indeed, the Receiver's dischargeability

11

complaint against the Debtor, adversary proceeding number 26-01045, is predicated entirely on the Debtor's personal failure to comply with the March 11, 2025 order appointing the Receiver. As stated above, this Court has jurisdiction to consider the Amended Complaint. The state court has stayed its case and expressed a preference to defer all controversies related to the Debtor to this Court. Consequently, unless the Debtor himself sought relief from the automatic stay to litigate in a court where he would be *pro se* and at a substantial disadvantage, this Court is the only court where the Debtor can pursue a redress of his claim that the receivership was improperly initiated, or in any event, should be terminated. Consequently, the Debtor has standing to pursue his claims for relief in the Amended Complaint.

IV

### NEITHER COLLATERAL ESTOPPEL NOR JUDICIAL ESTOPPEL BARS THE CLAIMS FOR RELIEF IN THE AMENDED COMPLAINT.

The Motion seeks dismissal on the grounds of collateral estoppel or judicial estoppel. Neither doctrine applies. Collateral estoppel in New York, like res judicata, requires a final determination. *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984); DAVID D. SIEGEL & PATRICK M. CONNERS, NEW YORK PRACTICE § 444, at 854 (6th ed. 2018) ("As a general rule, the res judicata doctrine – collateral estoppel included for this purpose – requires a final judgment on the merits."). There has been no final determination in the state court. Judicial estoppel requires not only that a party's position be clearly inconsistent with an earlier position, but that the former position has been adopted by a court in an earlier proceeding, and that the party asserting the two positions derives an unfair advantage against the party seeking the estoppel. *BPP Ill., LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188,

12

4915-6833-5285 v.1

192 (2d Cir. 2017); *Adelphia Recovery Tr. v. HSBC Bank USA (In re Adelphia Recovery Tr.)*, 634 F.3d 678, 695-96 (2d Cir. 2011).  The Motion has failed to demonstrate that an earlier court has adopted the position that Motion seeks to preclude.  Moreover, as the Supreme Court has recently held, judicial estoppel is an equitable doctrine that requires the consideration of all relevant facts and circumstances, including whether a prior litigation position was the result of mistake or inadvertence.  *Keathley v. Buddy Ayers Constr., Inc.*, No. 25-6, 2026 WL 1686028, at *5 (U.S. June 11, 2026).  The Motion has failed to demonstrate why the application of judicial estoppel would be equitable under all the relevant facts and circumstances of this case.

## V

**BECAUSE THE APPOINTMENT OF A RECEIVER, WHETHER OR NOT TEMPORARY, CAN BE RECONSIDERED, AND RECEIVERSHIPS CAN BE TERMINATED, THE COURT SHOULD REJECT THE ARGUMENT THAT THE AMENDED COMPLAINT CANNOT <u>SEEK SUCH RELIEF.</u>**

Finally, the Motion argues (Point II-C) that the Amended Complaint should be dismissed because the appointment of a receiver requires only an "'apparent interest' not a definite interest in property that is the subject of the action," and, presumably, that a finding by the State Court cannot be reargued in a pleading in this Court.  Assuming for the sake of argument that only an apparent interest is required, this argument should be rejected for two reasons.  The first is that, as discussed in the Debtor's opposition memorandum of law to the Receiver's motion to dismiss, the *Rooker-Feldman* doctrine does not preclude this Court from revisiting a non-final decision of the State Court.  And the decision to appoint a temporary receiver is a non-final decision.  No final judgment has been entered.  Second, a receiver may be removed at any time.  N.Y.C.P.L.R. § 6405.  Because this Court has jurisdiction to consider whether the Receivership should

13

continue, it is appropriate for this issue to be raised in the Amended Complaint.  The motion to

dismiss on this ground should be denied.

### Conclusion

For all the forgoing reasons, the Debtor respectfully prays for an order denying Mr.

Chassen's motion to dismiss in all respects, and granting the Debtor such other and further relief

as is just.

Dated: New York, New York
       June 22, 2026

Respectfully submitted,

BECKER, GLYNN, MUFFLY, CHASSIN &
HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255


By: _/s/ Alec P. Ostrow_____
        Alec P. Ostrow
        aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson,
as Debtor and Debtor in Possession, Plaintiff*

14

4915-6833-5285 v.1