**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY SOLOMON SIMPSON,<br>　　　　　　　　　　Debtor. | Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor<br>And Debtor in Possession,<br><br>　　　　　　　　　Plaintiff,<br>　　　- against -<br><br>ERIC HUEBSCHER, as Receiver of Certain<br>Assets of JJ Arch and JARED CHASSEN,<br><br>　　　　　　　　　Defendants. | Adversary No. 26-01013 (LGB) |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

Upon (i) the motion of defendant Jared Chassen ("Chassen") to dismiss or for the Court to otherwise abstain from considering the amended complaint (the "Amended Complaint") filed in this adversary proceeding (ECF No. 43, the "Chassen Motion to Dismiss"), (ii) the motion of defendant Eric M. Huebscher, as Receiver of Certain Assets of JJ Arch (the "Receiver") to dismiss Counts II-VI of the Amended Complaint (ECF No. 42, the "Receiver Motion to Dismiss" and together with the Chassen Motion to Dismiss, the "Motions"), (iii) the Debtor's memorandum of law in opposition to the Chassen Motion to Dismiss (ECF No. 51), (iv) the Debtor's memorandum of law in opposition to the Receiver Motion to Dismiss (ECF No. 50 and together with ECF No. 51, the "Oppositions"), (v) Chassen's reply memorandum of law in further support of the Chassen Motion to Dismiss (ECF No. 52) and (vi) the Receiver's reply memorandum of law in further support of the Receiver Motion to Dismiss (ECF No. 53, and together with ECF No. 52, the "Replies"); and the Court having found that it has jurisdiction to consider the Motions,

Oppositions, and Replies; and due and proper notice of the Motions having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motions, Oppositions, and Replies and conducted a hearing on the Motions on July 2, 2026 (the "Hearing") at which counsel for the parties participated; and the Court having read a ruling into the record (the "Ruling") at the Hearing; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that, for the reasons stated in the Ruling, the Motions are granted in part and denied in part to the extent set forth herein; and it is further

**ORDERED** that the Motions, to the extent they seek to dismiss the First Claim for Relief in the Amended Complaint, are denied; and it is further

**ORDERED** that Second Claim for Relief in the Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim upon which relief can be granted, with leave to the Debtor to replead within 30 days of the entry of this Order; and it is further

**ORDERED** that the Third, Fourth and Fifth Claims for Relief in the Amended Complaint are dismissed with prejudice pursuant to the *Rooker-Feldman* doctrine; and it is further

**ORDERED** that the Sixth Claim for Relief in the Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, with leave to the Debtor to replead within 30 days of the entry of this Order.

Dated: July 8, 2026
New York, New York

    **/s/ Lisa G. Beckerman**
HON. LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE