UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Jeffrey Solomon Simpson, | Case No. 26-10359-LGB |
| Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| Jeffrey Solomon Simpson, | Adversary No. 26-01013 |
| Plaintiff, | |
| v. | |
| Eric Huebscher, *as Receiver of* *Certain Assets of JJ Arch*, | |
| Defendant. | |

------------------------------------------------------------X

## **Decision Determining Plaintiff's Ownership of Certain Personal Property**

Plaintiff Jeffrey Solomon Simpson, a debtor and debtor-in-possession ( "Debtor" or "Plaintiff") filed a motion (the "Motion") seeking an order enforcing and extending the automatic stay to prohibit Defendant Eric Huebscher, temporary receiver ("Receiver") appointed by the Supreme Court of New York County (the "State Court"),  from conducting an auction (the "Auction") of assets claimed by the Debtor to belong to the Debtor's estate and from shutting down a business that will risk the expansion of the Debtor's liabilities and impede his reorganization efforts [ECF No. 2].  The Court entered an order granting in part and denied in part the Motion (the "Personal Property Process Order") [ECF No.  22].

The Personal Property Process Order provided for the Plaintiff to visit the property located at 1640 Montauk Highway, Water Mill, New York 11976 ("1640 Montauk Property") where all of the disputed personal property is physically located and to prepare a list of his personal property located at 1640 Montauk Property, which list must be filed with the Court.

The Plaintiff filed the list of his personal property located at the 1640 Montauk Property, complete with pictures, with the Court on April 23, 2026 (the "Property List") [ECF No. 31]. The Receiver filed pleadings objecting to the Property List (collectively, the "Objection") [ECF Nos. 34, 35].  Declarations of the Receiver [ECF No. 46] and the Plaintiff [ECF No. 47] were submitted as direct testimony.

On June 10 and 25, the Court held an in person evidentiary hearing ( the "Hearing") regarding ownership of the personal property located at the 1640 Montauk Property.  At the Hearing, Mr. Simpson testified as a witness and Jared Chassen and the Receiver testified as hostile witnesses.  The Receiver also testified at the Hearing as a witness in support of the Objection.  The video taken by the videographer hired by the Receiver of the Plaintiff reviewing the personal property located at 1640 Montauk Property during his site visit in April 2026 was provided to the Court by the Plaintiff (the "Video").  The Court has reviewed the Video several times.  Additionally,  various exhibits, DRX-1-18 and PX 1-8, were admitted into evidence at the Hearing (collectively, the "Exhibits").

Plaintiff bears the initial burden of proof of demonstrating that the personal property identified in the Property List, in pictures attached to the Property List, other documentary evidence, and in the Video, is the Debtor's personal property.  This is because New York law provides that the party who possesses the property is presumed to be the party who owns it. *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 86 (2d Cir. 2002); *see also In re Xiang Yong Gao*, 559 B.R. 319, 324 (Bankr. E.D.N.Y. 2016) ("[i]n New York, a party in possession of property is presumed to be its owner").  Possession of tangible property…creates a rebuttable presumption of ownership and that ownership is continued. *Pollock v. Rapid Indus. Plastics Co., Inc.*, 497 N.Y.S.2d 45, 49 (N.Y.S.2d 1985).

2

However, this presumption of ownership may be rebutted by evidence that another person actually owns the property. *Karaha Bodas*, 313 F.3d at 86.  Moreover, Plaintiff is the movant and thus, has a burden of proof.

Plaintiff testified that he is the owner of the personal property identified on the Property List, as supplemented by the pictures attached to the Property List and the Video.  Some of Plaintiff's testimony was corroborated by certain Exhibits and some of Plaintiff's testimony was corroborated by Mr. Chassen's testimony.  Excluding vehicles, Plaintiff did not provide any receipts and/or other documentary evidence that he owns the personal property in question, other than emails.  Plaintiff did not provide any documentary evidence tying the use of the Debtor's cash to purchase specific automobiles, tools, parts and other equipment.  Nor did the Plaintiff produce any documentary evidence or additional corroborating testimony about items gifted to the Debtor from family members.

The Court finds Plaintiff's testimony to be credible to a certain degree.  The Court believes that Plaintiff was given tools by his father and other family members and that Plaintiff has been working on cars since he was a boy.  Plaintiff clearly has a genuine love of cars. Plaintiff testified that his house has a six-car garage and that Plaintiff owns tools and equipment used in auto repair and restoration, along with auto parts.  Plaintiff testified that he brought tools, equipment and auto parts from his home to the car repair/restoration business operated through 1640 Motors LLC, known as Rever Motors  ("Rever Motors").  This testimony was corroborated in part by Mr. Chassen's testimony with respect to transfers that occurred on or before August 2023.  After that date, Mr. Chassen no longer participated in the operation of the Rever Motors business.

With respect to vehicles located on the 1640 Montauk Property, Plaintiff claims ownership of the following: (a) 1995 Canniston Green LR Discovery (parts car/no engine; Debtor has bill of sale) (item 4 on the Property List), (b) 1965 MGB Burgundy parts car (item 5 on the Property List), (c) Grey and Burgundy Land Rover Discovery 2003 or 2004 with parts inside (item 7 on the Property List), (d) Black Range Rover 2010 (item 8 on the Property List), (e) White Range Rover 2001(item 9 on the Property List), (f) Green Range River 2021 (item 10 on the Property List), (g) 1969 Blue Ford Bronco frame with white hard top and pieces of project (item 12 on the Property List ), (h) 1952 yellow jeep " jeepster" and 1948 cj2a (item 13 on the Property List), (i) 2 BMW 2002 projects, green and red and parts inside (item 19 on the Property List), (j) Austin Healey and MGA projects (item 35 on the Property List), (k) 1996 white land rover discovery (and bumper located by basement door) ( item 38 on the Property List), (l)1966 white mgb project (item 39 on the Property List), and (m) grey mbz 4 door car (need to check the title documents) (item 77 on the Property List).

The Property List and the Debtor's submissions include some documentation, a certificate of title for a 1967 Austin Healy,  a Certificate of Ownership of a Motor Vehicle for a yellow Willy's jeep and a Vehicle Bill of Sale for the same automobile, a  Certificate of Title for a 2011 Land Rover (Black), a Vehicle Bill of Sale for a 1996 Land Rover Discovery, a Vehicle Bill of Sale for a 1995 Land Rover Discovery, and an invoice and a Vehicle Bill of Sale for a 1966 MGB.

The Declaration submitted by Eric Huebscher and the supporting documentation attached to the Huebscher Declaration and the Objection provides evidence that the 2011 Land Rover (Black) and the 1995 Land Rover Discovery were purchased by 1640 Motors LLC and not by Mr. Simpson personally, based upon the bank account statements for 1640 Motors LLC.  There is

4

conflicting evidence about the purchase of 1996 Land Rover Discovery from Ms. Lisa Dearmas, including multiple titles for the vehicle.  The Plaintiff has produced a Vehicle Bill of Sale and a certificate of title for the vehicle and has testified that the two certificates of title are due to a mistake and a correction by Ms. Dearmas.  That is possible.  However, Mr. Simpson's explanation does not explain why the funds that were used to purchase the vehicle came from 1640 Motors LLC's bank account and not from Mr. Simpson.  Since there is a presumption which is rebuttable as to whether the vehicle belongs to 1640 Motors LLC, the Court finds that the presumption has not been sufficiently rebutted by Mr. Simpson.  Thus, the Court holds that the 1996 Land Rover Discovery belongs to Rever Motors and that Mr. Simpson must transfer the title of the vehicle in his name to 1640 Motors LLC.

With respect to the Austin Healy, the yellow Willy's jeep and the 1966 MGB, the Court finds Plaintiff's testimony and the documentary evidence to be credible.  The remaining vehicles are: (a) 1995 Canniston Green LR Discovery (parts car/no engine) (item 4 on the Property List), (b) 1965 MGB Burgundy parts car (item 5 on the Property List), (c) Grey and Burgundy Land Rover Discovery 2003 or 2004 with parts inside (item 7 on the Property List), (d) Black Range Rover 2010 (item 8 on the Property List), (e) White Range Rover 2001(Item 9 on the Property List), (f) Green Range River 2021 (item 10 on the Property List), (g) 1969 Blue Ford Bronco frame with white hard top and pieces of project (item 12 on the Property List ), (h) 1948 cj2a (item 13 on the Property List), (i) 2 BMW 2002 projects, green and red and parts inside (item 19 on the Property List),and (m) grey mbz 4 door car (need to check the title documents) (item 77 on the Property List).  In the Property List, Mr. Simpson asserted that the Receiver has title to certain of these vehicles but, the Receiver denies that.  The Court finds Mr. Simpson's testimony about why he personally owns item (d) the Black Range Rover 2010 to be credible (to work on it

with his son) as he described where he bought the vehicle and the reason that the vehicle was acquired.

In the Property List and the Video, Mr. Simpson maintains that he personally owns and brought to Rever Motors various automobile parts, tools and equipment.  Mr. Chassen's testimony corroborates Mr. Simpson's testimony up to a point.  Based on Mr. Huebscher's testimony, there is evidence that Rever Motors used a significant amount of its own funds to buy automobile parts as evidenced by Rever Motors' bank accounts.  Thus, it is difficult for the Court to believe that all of the automobile parts that Mr. Simpson claims that he  owns and brought to the business location and/or that Mr. Simpson claims that he purchased with his own funds are owned by Mr. Simpson and not 1640 Motors LLC.  Mr. Simpson has not provided any documentation in support of his ownership of any of the automobile parts.  The Court acknowledges that some automobile parts are acquired in one off transactions from individuals and not from auto parts suppliers or salvage yards.  The Court also acknowledges that some smaller auto parts suppliers and salvage yards might not also keep the best records of transactions and/or provide receipts.  Notwithstanding all of that, the Court does not believe that Mr.  Simpson's testimony, the Property List, other documentary evidence and the Video provide sufficient evidence that Plaintiff is the owner of all of the remaining vehicles, automobile parts, tools and equipment that he claims to own personally on the Property List.

With respect to certain items of the remaining personal property, Mr. Simpson's testimony, along with the Video, supports his ownership.  The Court finds that item 1 on the Property List and the Red Snap On Tool Box which is locked (and Mr. Simpson has a key) that was also mentioned in Exhibit DRX-14, item 68 on the Property List, belong to the Plaintiff. The Court rules that Plaintiff is the owner of (in addition to the vehicles and other personal

property that the Court has already found that he owns) items 2, 3, 12, 15, 27, 28, 32 (only the 4 blue wheel skates), 33, 34, 36, 39, 41 (only the jaguar engine and the land rover hard top), 55, 56, 61, 63, and 67 on the Property List.  The Court's ruling is based on its consideration of the totality of the evidence presented by the parties, including the Video and the credibility of the witnesses' testimony.  The Court rules that the remaining items of personal property included on the Property List belong to 1640 Motors LLC and not to the Plaintiff.

The items of personal property that the Court has ruled belong to the Plaintiff which are located at the 1640 Montauk Property constitute property of the Debtor's estate and must be removed from the 1640 Montauk Property to a location or locations designated by the Debtor.  Counsel for the Debtor and counsel for the Receiver should meet and confer on how best to accomplish such removal in the near term.  The Court schedules a status conference in this adversary proceeding at 10 am on July 23, 2026 on Zoom for Government which counsel for the Plaintiff, counsel for the Receiver and the Receiver shall attend, and will not enter an order with respect to this decision until after the occurrence of the status conference.

Dated:      New York, New York
            July 20, 2026

                                        */s/ Lisa G. Beckerman*
                                        THE HONORABLE LISA G. BECKERMAN
                                        UNITED STATES BANKRUPTCY JUDGE