KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000
Sean C. Southard, Esq.
ssouthard@klestadt.com

-and-

SCHWARTZ LAW PLLC
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*

**Hearing Date: October 20,2026**
**Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HUEBSCHER, as Receiver of Certain Assets of JJ Arch, and JARED CHASSEN,<br><br>Defendants. | Adv. Pro. No. 26-01013 (LGB) |

**REPLY IN FURTHER SUPPORT OF JARED CHASSEN'S MOTION TO DISMISS OR OTHERWISE ABSTAIN FROM CONSIDERING PLAINTIFF DEBTOR'S SECOND AMENDED COMPLAINT**

Jared Chassen submits the following reply in further support of his motion to dismiss or otherwise abstain from considering the Plaintiff Debtor's Second Amended Complaint (the "Motion"), and states as follows:[1]

## I. The Second Amended Complaint Violates the District Court's Anti-Removal Injunction

1. In his opposition to the Motion, Simpson argues that it is "absurd" to claim that his Second Amended Complaint violates the letter, spirit or purpose of the Anti-Removal Injunction. ECF No. 103 at 6. According to Simpson, he "does not challenge the Receiver's appointment," and his Sixth Amended Claim "does not seek to revisit anything that was actually decided in the State Court Action, even provisionally." ECF No. 103 at 6. Moreover, according to Simpson, since his complaint in the State Court Action "does not mention the Receiver," (who was appointed after and during the pendency of the case) and does not "mention the August 1 Agreement," he is not violating the '"letter,' 'spirit' or 'purpose' of the anti-removal injunction" by asserting claims that seek to collaterally attack the receivership or that seek to have this Court issue a declaratory judgment about the August 1 Agreement. *Id.* at 7.

2. Of course, the receiver was, and could only be, appointed during the pendency of and in connection with the State Court Action, an action that Simpson is barred from removing to this Court. *See* CPLR 6401. And Simpson's Amended Second Claim seeks to have this Court undo the Receiver's business judgments and put Simpson in charge of receivership assets. ECF No. 92-1 at ¶¶ 57-58, 60. Moreover, his Amended Sixth Claim seeks declaratory relief with

[1] The Court did not reach the grounds for dismissal raised in this Motion, as in dismissing the First Amended Complaint it did not need to "reach the other grounds upon which the movants seek to dismiss the complaint." *Deluise v. N. Bronx Westchester Neighborhood Restoration Ass'n, Inc.*, 91 CIV. 258 (JFK), 1991 WL 130893, at *5 (S.D.N.Y. July 8, 1991).

respect to the very same August 1 Agreement that is the subject of Chassen's counterclaims in the State Court Action, that Simpson has asserted to be void, and for which the state court previously denied Chassen's attempted restraint after Simpson argued it was void. *See* ECF No. 92 at ¶¶ 18-19 (detailing history). Thus, Simpson seeks to have this Court here adjudicate matters that go directly to the heart of determinations made in the State Court Action, an action that Simpson is expressly enjoined from removing here. *Simpson v. Chassen*, 25-CV-04004 (JAV), 2026 WL 1584643, at *2 (S.D.N.Y. June 3, 2026).

3. The District Court entered the Anti-Removal Injunction because of Simpson's lengthy history of vexatious litigation conduct and forum shopping. *Simpson*, 2025 WL 1784931, at *2. And in the context of this very bankruptcy, it denied Simpson permission to remove the State Court Action, finding that the claims were subject to both mandatory and permissive abstention. *Simpson,* 2026 WL 1584643 at *1-2. It found that permitting Simpson to remove the claims in the State Court Action would "prejudice . . . the involuntarily removed defendants," including Chassen, and would "make a mockery of the Court." *Id.* at *2. If Simpson actually believes that he is not violating the Anti-Removal Injunction, there is no reason for Simpson not "to first seek and obtain a carveout from the Anti-Removal Injunction by motion to the District Court in the Federal Court Action." ECF No. 92 at ¶ 31.

4. Allowing Simpson to assert claims that are pending in or overlap with the disputes at the heart of the pending State Court Action violates the letter and spirit of the Anti-Removal Injunction. Without permission from the District Court, the Court should not allow Simpson to proceed with these violative claims.

## II. The Second Amended Complaint Should Be Dismissed Because it is Subject to Mandatory Abstention

5. Simpson does not specifically dispute that the claims in the State Court Action are subject to mandatory abstention, and that the District Court expressly rejected his contention that the State Court Action was a core proceeding or that it was not otherwise subject to mandatory abstention. *Simpson*, 2026 WL 1584643, at *1 (finding that the State Court Action was not a core proceeding and that "[a]t most, then, Simpson's bankruptcy relates to his state court action insofar as it bears on the assets at issue in his suit."); *see id.* at ECF No. 82 at 6-9 (Simpson arguing to District Court that the State Court Action was either not a core proceeding or it could not be adjudicated without a more fulsome record to determine whether it was a core proceeding). Faced with the District Court's finding that the State Court Action is subject to mandatory abstention (a finding that he does not directly challenge in opposition), Simpson instead makes a hodgepodge of hairsplitting arguments to argue that mandatory abstention should not apply to the Second Amended Complaint.

6. First, he argues that his claims here are not matters at issue in the State Court Action. That is, he contends that as plaintiff in the State Court Action he did not assert any claim regarding the August 1 Agreement, and Chassen's counterclaims with respect to the August 1 Agreement were limited to 225 HPR LLC. ECF No. 103 at 8-9. Thus, he claims that there is no pending action in state court for which this Court should abstain in favor of. *Id.* But Chassen's counterclaims were not limited to 225 HPR LLC. *See* NYSCEF Doc. No. 1070, Second Amm. Answer with Counterclaims at ¶¶ 321-327 ("There is a justiciable controversy between Simpson and Chassen whether Simpson has unlawfully repudiated and terminated the [August 1] Contract and is obligated to comply with it . . . The Court should enter a judgment declaring that Simpson and Simco materially breached the [August 1] Contract and unlawfully repudiated it"). And the

receivership which Simpson now seeks to collaterally attack in this Court was created in connection with and during the pendency of the State Court Action. *See* CPLR 6401.

7. Second, Simpson claims that the motion is untimely, because Chassen should have asserted mandatory abstention in seeking dismissal of the First Amended Complaint. ECF No. 103 at 9. But courts use a "flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'" *Channel Bell Associates v. W.R. Grace & Co.*, 91 CIV. 5485 (PKL), 1992 WL 232085, at *5 (S.D.N.Y. Aug. 31, 1992). Here, Chassen is moving before he filed an answer in this proceeding and before there has been any discovery in this proceeding. Moreover, Chassen sought dismissal of the First Amended Complaint on the ground that the Court should abstain in deference to the District Court's pending consideration of the Anti-Removal Injunction, where there was then a pending motion by the Debtor for relief from the Anti-Removal Injunction. *See* ECF No. 43. Chassen has not caused any waste of judicial resources or caused any prejudice to Simpson, and this issue is being addressed by this Court with the benefit of the District Court's rulings and before this case has proceeded past the pleading stage. *Channel Bell Associates*, 1992 WL 232085, at *5.

8. Third, Simpson argues that his claims in the Second Amended Complaint are core proceedings because they seek a determination of his interests in property, relying on the same line of cases he unsuccessfully proffered to the District Court. *See Simpson,* 25-CV-4004 (JMF) at ECF No. 82 at 6-9. These cases do not stand for the expansive proposition Simpson claims. *Roman Catholic Diocese of Rockville Ctr., New York v. Arrowood Indem. Co.*, 20-CV-11011 (VEC), 2021 WL 1978560, at *6 (S.D.N.Y. May 17, 2021) ("subsequent cases in this district that have construed *U.S. Lines* — except for one — have limited its holding to its specific facts."). Further, the August 1 Contract long predated the bankruptcy filing. *Roman Catholic Diocese of*

*Rockville Ctr. v. Certain Underwriters at Lloyds, London & Certain London Mkt. Companies*, 634 B.R. 226, 236 (S.D.N.Y. 2021) ("the contracts at issue were entered into decades before the Diocese filed its bankruptcy petition. This alone usually means that the contract claims are non-core."). Indeed, if Simpson's contention were accepted "[a]ny contract action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus 'concern[s]' its 'administration." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993). But that is not the law. *Id.* (A "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core.").

9. Moreover, Simpson's claims in the State Court Action sought declaratory relief that he is the sole owner of JJ Arch and money damages and these have been determined not to be "core." *Simpson*, 2026 WL 1584643, at *1. His purported contention that Chassen is not the owner of certain JJ Arch entities because of the August 1 Agreement is no more "core" than his claim that he properly terminated Chassen from JJ Arch and is the sole owner of JJ Arch. Moreover, Simpson, does not even allege here that the property belongs to him under the August 1 Agreement, because it is YJ Simco that is the counterparty under that purported agreement. ECF No. 92-1 at ¶¶ 76-78.

10. Finally, Simpson argues that his claims in the Second Amended Complaint cannot be timely adjudicated in state court because this Court would never grant a motion to lift the automatic stay since Chassen did not file a proof of claim seeking a monetary recovery from Simpson's bankruptcy estate. ECF No. 103 at 10. But this request for an advisory ruling in opposition to a hypothetical lift-stay motion that has not been brought or briefed is improper and not grounds to deny relief. *Estate of DiGiacomo v. Lentz*, 03 CIV. 6724 (MGC), 2004 WL

66690, at *1 (S.D.N.Y. Jan. 14, 2004) ("Federal courts do not have the power to issue advisory opinions."). Moreover, Simpson offers no position on the ability of the state court to timely resolve the dispute.

11. In addition, Simpson attaches an unwarranted significance to Chassen not filing a proof of claim. Chassen's choice not to file a proof of claim "does not extinguish [his] creditor's status . . . " *In re Stamford Color Photo, Inc.*, 105 B.R. 204, 206 (Bankr. D. Conn. 1989). A proof of claim "is only required for a creditor to have voting and distribution rights." *In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 188–89 (Bankr. S.D.N.Y. 2012). A "creditor need not file a proof of claim to take advantage of other rights, such as moving to dismiss a bankruptcy petition . . ." *Id.* (citations omitted). "Failure to file a proof of claim does not deny [][a creditor] standing to challenge the Debtor's discharge." *In re Consiglio*, 15-31915 (AMN), 2018 WL 1162869, at *2 (Bankr. D. Conn. Mar. 2, 2018). In other words, "the filing of a proof of claim is permissive only, and is not required. It permits filing where some purpose would be served." *In re Brager*, 28 B.R. 966, 967 (Bankr. E.D. Pa. 1983). And until a Chapter 11 plan is confirmed and a discharge is awarded, something that has not happened and appears highly unlikely to ever happen, a distribution from Simpon's estate is entirely hypothetical.

12. Finally, and regardless, Chassen possesses and intends to pursue his claims for declaratory relief in the State Court Action that are not for money damages, including claims as to his ongoing ownership in JJ Arch, which he does not lose because he determined not to file a proof of claim.

## III. The Second Amended Complaint Should Be Dismissed Because it is Subject to Permissive Abstention

13. Simpson does not specifically dispute that the claims in the State Court Action are subject to permissive abstention. Indeed, he does not challenge the District Court's permissive

abstention analysis. *Simpson*, 2026 WL 1584643, at *2. Instead, he argues that permissive abstention does not apply because as plaintiff he did not assert these specific claims in the State Court Action. ECF No. 103 at 11. But as set forth above, both the receivership and the August 1 Agreement are directly at issue in the State Court Action, as Chassen seeks a declaratory judgment with respect to that agreement and the receiver was appointed during the pendency of that action and to facilitate its outcome. *See* NYSCEF Doc. No. 1070, Second Amm. Answer with Counterclaims at ¶¶ 321-327; CPLR 6401. Moreover, the factors that supported permissive abstention of the claims in the State Court Action as found by the District Court no less support permissive abstention of these claims. *Simpson*, 2026 WL 1584643, at *1.

14. Simpson makes the blanket and unsupported assertion that there is "no unsettled issue of state law that controls the determination of the Sixth Claim for Relief." ECF No. 103 at 11. But Simpson provides no discussion of the state law underpinning his claim, and he notably does not dispute that the state law issues predominate, as these contract-based claims are entirely based on state law. Moreover, Simpson contends that there is no right to a jury trial on a declaratory judgment claim, but there is no such blanket rule. Rather, "[t]he right to a jury trial in such an action has generally been recognized and upheld in those issues in regard to which either party could have claimed a jury in any action for which the declaratory judgment action may be regarded as a substitute." *Matter of Allcity Ins. Co.*, 96 Misc. 2d 864, 866, (N.Y. Co. Sup. Ct. 1978).

15. Simpson argues that it is always reasonable for a debtor to seek to consolidate proceedings before the bankruptcy court—and thus there can be no forum shopping when a debtor seeks removal. In other words, Simpson argues that "forum shopping" is essentially not a

component of the permissive abstention analysis because it is always reasonable for a debtor to consolidate cases to bankruptcy court.

16. In connection with this very bankruptcy, however, the District Court found that the record of Simpon's conduct and communications showed that he improperly sought removal of the State Court Action to "thwart state court jurisdiction." *Simpson*, 2026 WL 1584643, at *2. Moreover, the caselaw makes clear that forum shopping is not written out of the permissive abstention analysis and is one of the factors courts consider in deciding a motion seeking permissive abstention after a debtor removes a case. *See e.g.*, *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011). That an independent trustee or someone else might remove an action without having a bad faith intent does not negate a debtor's actual intent in taking that same action. This is because "[a] determination that a party is forum shopping turns on issues of that party's intent . . ." *Vivendi SA v T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009).[2] Bad-faith forum shopping intent is dependent on actual motive and intent even when there could be a conceivable good faith reason for the conduct. *Nazario v Deere & Co.*, 295 F Supp 2d 360, 364 (S.D.N.Y. 2003).[3] Indeed, courts in this District have found that the "impression of forum shopping" intent supports permissive abstention. *Little Rest Twelve*, 458 B.R. at 60.

17. In addition to the District Court, other courts adjudicating permissive abstention *in relation to Simpson*'s conduct and actual intent have found his record of actual bad-faith intent requires permissive abstention. *See In re JJ Arch LLC*, No. 24-10381 (JPM), 2024 Bankr. LEXIS

---

[2] *See also Cohen v Am. Airlines, Inc.*, 13 F4th 240, 247 (2d Cir. 2021) ("The district court did not abuse its discretion in ruling that the new allegation was included solely to avoid the Montreal Convention's two-year statute of limitations, and thus was made in bad faith."); *McGee v State Farm Mut. Auto. Ins. Co*., 684 F Supp 2d 258, 264 (E.D.N.Y. 2009) (court may infer forum shopping intent from timing of filings); *Miller v Calotychos*, 303 F Supp 2d 420, 429-30 (S.D.N.Y. 2004) (Court looks to parties' motivation).

[3] Of course, it is highly unlikely that an independent trustee would remove a case that is subject to mandatory and permissive abstention and which was set for resolution shortly in favor of starting from scratch.

1349, at *33-47 (Judge Mastando finding that Simpson's correspondence, among other things, showed that his attempt in 2024 to remove matters pending before Justice Cohen to bankruptcy court was motivated by bad-faith forum shopping intent). Before and after filing this bankruptcy, Simpson could hardly make himself clearer about his intent to forum shop matters from the purview of Justice Cohen. *See, e.g.*, ECF No. 92 at ¶ 20; *id.* at n.3; *see also In re Simpson*, Case No. 26-10359-lgb, Aug. 17, 2026 Conf. Tr. at 44:9-47:2 (the Court explaining to Simpson that state court allowed for a summary proceeding that would enable a rapid adjudication of disputed insurance proceeds, and Simpson responding to this Court that he would not seek or consent to lift the stay because Justice Cohen "tried to put me in jail for doing nothing other than protecting my assets" and he "wants me dead."). Simpson's actual forum shopping intent supports the application of permissive abstention.

18. Finally, Simpson contends that there will be no basis for Chassen to seek to lift the automatic stay because he did not file a proof claim. ECF No. 101 at 11. But the filing of a proof of claim for the purpose of pursuing monetary claims against Simpson's estate does not mean that Chassen has given up his creditor status, or his ownership interests, membership rights, and pending claims for declaratory relief. Even if a plan is confirmed and a discharge is awarded, Chassen has claims for declaratory relief that are not for money damages, including claims as to his ownership in JJ Arch and the August 1 Contract, which he does forfeit simply because he chose not to file a proof of claim.[4]

[4] Mindful of this Court's admonition against early motions for stay relief, Chassen expects to eventually move to lift the stay of these claims.

## IV. The Second Amended Complaint Should Be Dismissed Under Colorado River Abstention

19. Though the Anti-Removal Injunction requires both abstention and dismissal, other abstention doctrines also apply, including *Colorado River* and *Wilton*. *Colorado River* abstention can apply in bankruptcy proceedings. *In re Community Mgt. Corp. of Maryland*, 91 Fed Appx 808, 810 (4th Cir. 2003); *In re Telluride Glob. Dev., LLC*, 380 B.R. 585, 593 (10th Cir. BAP 2007).

20. As to the first factor, the state court assumed control over the res (1640 Montauk and 1640 Motors) in appointing the receivership over those entities. Moreover, the August 1 Agreement is the subject of the State Court Action.

21. As to the second factor, this Court is inconvenient relative to the state court, as the state court has handled these disputes since their inception, all the issues relate to state law, and the receiver was appointed under state law that it would be inconvenient—indeed impossible—to litigate over in federal court. As to the third factor, dismissing this action will avoid piecemeal litigation. Deferring to the State Court Action prevents the multiplication of adversary proceedings in favor of the single action and forum in the State Court Action.

22. Moreover, Simpson is the plaintiff in the State Court Action and the law is clear that he is not automatically stayed by the filing of his own bankruptcy from pursuing his claims in state court. *In re Jandous Electric Constr.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989). Further, Simpson is free to accede in whole or in part to the lifting of the automatic stay so that the parties can proceed with their claims regarding the August 1 Agreement.

23. As to the fourth factor, the State Court Action was filed three years before this action, and is far advanced, with a trial that was scheduled for July 2026 prior to this bankruptcy.

24. As to the fifth factor, federal law is inapplicable to these claims. And as to the sixth factor, the state procedures are adequate to protect the federal plaintiff. While Simpson argues that his retention with Mr. Ostrow does not extend to state court litigation, that is not a state court procedure and he is not precluded from such a representation. Nor is it clear that Mr. Ostrow would decline such representation if Simpson sought its extension. Moreover, even if retention of counsel was a "state court procedure," there is no evidence that Mr. Simpson is unable to retain counsel as he retained Mr. Ostrow (and many others before him), and the record shows that for almost all of 2025 he was represented by counsel in the State Court Action. Only just before the bankruptcy filing did his counsel seek to withdraw, and even then that counsel remained as counsel for JJ Arch. NYSCEF Doc. No. 1038, Jan 5, 2025 Notice of Appearance; NYSCEF Doc. No. 1479, May 5, 2025 Notice of Appearance; NYSCEF Doc. No. 2347, Feb. 11, 2026 Interim Decision and Order on Motion. Finally, Simpson has long been free to seek to lift the stay to pursue the remanded interpleader action in state court. *Great American Insurance Company*, 1:26-04833-JAV, ECF No. 5, Order Adopting Findings of Fact and Conclusions of Law.

**V. *Wilton* Abstention Supports Dismissal**

25. *Wilton* abstention also applies in bankruptcy proceedings. *In re SVB Fin. Group*, 671 B.R. 351, 372 (Bankr. S.D.N.Y. 2025)(applying *Wilton* abstention). Simpson argues that the doctrine should not apply because he did not assert a claim about the August 1 Agreement. But Chassen has. *See* NYSCEF Doc. No. 1070, Second Amm. Answer with Counterclaims at ¶¶ 321-327. All the factors that support *Wilton* abstention apply here. A declaratory judgment will serve no useful purpose in clarifying or settling the legal issues involved, it will not finalize the

controversy between the parties, it is clearly being used for a forum shopping purpose, it would increase friction with the state court, and judicial economy supports dismissal.

26. Moreover, “a court must still decide whether it will exercise its discretion to entertain a request for declaratory judgment.” *Frontier Airlines. Inc. v. AMCK Aviation Holdings Ireland Ltd.*, 676 F.Supp.3d 233, 254 (S.D.N.Y. June 7, 2023) (quoting *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 311 (S.D.N.Y. Mar. 1, 2010)). “The Declaratory Judgment Act thus confers a discretion on the courts rather than an absolute right upon the litigant.” *Id.* (citation omitted). Even if the Court otherwise has jurisdiction to entertain a declaratory judgment action, it should thus decline to exercise it here.

## VI. *Rooker-Feldman* Supports Abstention

27. Simpson contends that *Rooker-Feldman* always requires a concluded proceeding. That is not the law. Simpson ignores the numerous courts that have found that *Rooker-Feldman* applies to interim orders when they were or could have been appealed. *See* ECF No. 42 at 12-13 (citing cases). Moreover, the fact that a court that entered an order can always revisit an order does not change the analysis since parties are always able to seek to vacate orders and judgments even after a proceeding is concluded. *See* CPLR 5015 (allowing parties to move to vacate judgments even after proceedings have concluded); *See* Fed. R. Civ. P 60 (allowing parties to move to vacate judgments even after proceedings have concluded).

## VII. The Court Should Dismiss the Second Amended Complaint Because it Fails to Plead a Claim

28. Even if the Court does not abstain, it should still dismiss the Second Amended Complaint. Simpson points to no authority supporting the proposition that he can plead these claims as standalone claims for declaratory or injunctive relief. And while he attempts to distinguish some of the cited cases as different because there underlying claims were pleaded and

dismissed, he provides no cases supporting the proposition that not pleading underlying claims at all allows him to pursue standalone claims.

29. Simpson simply "cannot sustain an independent cause of action for a declaratory judgment. A declaratory judgment is a remedy, not a cause of action." *Haller v. Usman*, 24 CIV. 977 (KPF), 2025 WL 605572, at *9 (S.D.N.Y. Feb. 25, 2025). In *Haller*, the court even dismissed the standalone declaratory judgment claim where there were surviving underlying claims for unjust enrichment and quantum meruit because declaratory relief is a remedy for the pleaded underlying claims, not a standalone claim. *Id.* ("[t]his ruling should not, however, be construed as a finding that Plaintiff may not seek a declaratory judgment *as a remedy* for his surviving claims.") (emphasis added); *see also MacGregor v. Milost Glob., Inc.*, 17-CV-6691-LTS-KHP, 2018 WL 4007642, at *5 (S.D.N.Y. Aug. 22, 2018) (dismissing claim for declaratory judgment even though denying dismissal of underlying breach of contract claim).[5]

30. Moreover, the Declaratory Judgment Act was not intended to provide an independent remedy instead of underlying claims such as breach of contract, recission, unjust enrichment and the like. Since it is a remedy that is "intended to operate prospectively, there is no basis for declaratory relief where only past acts – such as a breach of contract for which damages are sought – are involved." *Alta Partners, LLC v. Getty Images Holdings, Inc.*, 700 F.Supp.3d 32, 48 (S.D.N.Y. Oct. 26, 2023) (internal quotations omitted), *aff'd*, No. 23-7876,

[5] Simpson also cannot plead a standalone injunction claim without any pleaded underlying claim. In *Milligan v. GEICO Gen. Ins. Co.*, 20-3726-CV, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022), for example, the Second Circuit reversed the dismissal of the substantive GBL 349 claim, while affirming the dismissal of the standalone claim for an injunction because "[a] request for injunctive relief is not a separate cause of action. . . [R]ather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . .. substantive counts." *Id.* (quoting *KM Enterprises, Inc. v. McDonald*, No. 11-CV-5098, 2012 WL 4472010, at *20 (E.D.N.Y. Sept. 25, 2012) (cleaned up), *aff'd*, 518 F. App'x 12 (2d Cir. 2013)). Here, Simpson pleads no substantive counts.

2026 WL 111085 (2d Cir. Jan. 15, 2026); *KM Enterprises, Inc. v. McDonald*, 11-CV-5098 ADS ETB, 2012 WL 4472010, at *20 (E.D.N.Y. Sept. 25, 2012), *aff'd*, 518 Fed. Appx. 12 (2d Cir. 2013) (a declaratory judgment may not be sought to adjudicate or seek to remedy past conduct).

31. In opposition, Simpson does not argue that he can plead a substantive claim to enforce the August 1 Agreement. Instead, he contends that "the Sixth Claim for relief does not seek specific performance, [but instead] requests that the Court determine the rights of the parties, and requests appropriate relief pertinent to the Court's determination." ECF No. 103 at 21. But "a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *KM Enterprises, Inc. v. McDonald*, 11-CV-5098 ADS ETB, 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012), *aff'd*, 518 Fed. Appx. 12 (2d Cir. 2013) (citations and quotations omitted). In the Second Amended Complaint, Simpson does not plead that he affirmatively seeks to enforce the August 1 Contract, let alone plead that he has a substantive right to that relief under the governing state law. On the contrary, even in this proceeding, Simpson has made judicial admissions that he considers the August 1 Agreement to be void and that he is not willing to pay Chassen the monies required by it. *In re Simpson*, 26-10359-lgb (S.D.N.Y.), DE 88-1, June 5, 2026 Simpson Dep. Tr. at 93:17-110:22; 198:15-217:15.

32. Judicial estoppel also bars Simpson from seeking to enforce the August 1 Agreement. Indeed, Chassen was denied a TRO seeking to enforce the August 1 Agreement after Simpson argued to the state court that such agreement was void. *See* ECF No. 92 at ¶¶ 18-19. But whether judicial estoppel applies is ultimately a distinction without a difference since nowhere in the Second Amended Complaint does Simpson even seek to enforce the August 1 Agreement. ECF No. 92-1 at ¶ 76 ("it is uncertain if the August 1 Agreement is enforceable"); *id.* at ¶ 78 ("If the Court determines that the August 1 Agreement is enforceable, then the Debtor

is entitled to a declaration that Mr. Chassen has no interest in the Simpson Companies . . ."). Thus, Simpson does not even underpin his claim by pleading that it is enforceable or the basis for such a claim under governing state law.

33. Nor does Simpson affirmatively plead that it is unenforceable or any underlying claim that he is entitled to a contract or other remedy requiring Chassen to "restore the status quo ante" under governing state law. ECF No. 92-1 at ¶ 79 ("if the Court determines that it is unenforceable, then the Debtor is entitled to an order directing Mr. Chassen to restore the status quo ante and to account for all property that he received pursuant to or as a result of the August 1 Agreement . . ."). Simpson cannot obtain declaratory relief if he is neither asserting that the contract is valid nor invalid, nor asserting any substantive claims.

34. Finally, even if Simpson could plead standalone claims, and even if he pleaded underlying substantive claims, his failure to include YJ Simco LLC, the counterparty under the August 1 Contract, requires dismissal, as it is both a necessary party and the party with prudential standing.

**CONCLUSION**

For the foregoing reasons, and the reasons detailed in Chassen's and the Receiver's moving papers, the Court should grant this motion in its entirety and dismiss the Second Amended Complaint with prejudice.

Dated: October 15, 2026

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean Southard*
Sean C. Southard
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, New York 10036
ssouthard@klestadt.com

-and-

**SCHWARTZ LAW PLLC**
By: /s/ Allen Schwartz
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, New York 10038
347-460-5379
allen@allenschwartzlaw.com

*Counsel for Jared Chassen*